*SUMMONS – 30 DAY*
IN THE CIRCUIT COURT OF THE TWENTY-SECOND JUDICIAL CIRCUIT
McHENRY COUNTY, ILLINOIS

(Name all parties)

Patrick Keller,

on behalf of Plaintiff and a class,

Plaintiff(s)

vs.

LVNV Funding, LLC; and

Resurgent Capital Services, LP,

Defendant(s)

Case Number _____ 22LA000020 _____

Amount Claimed $ _____

# SUMMONS

To each Defendant: Resurgent Capital Services, LP

c/o Illinois Corporation Service Co., 801 Adlai Stevenson Dr., Springfield, IL 62703

    **YOU ARE SUMMONED** and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this court, McHenry County Government Center, 2200 N. Seminary Avenue, Woodstock, Illinois, 60098, within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

    E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

**To the officer:**

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

DATE 1/18/2022 3:10 PM   Electronically Issued

*Katherine M. Keefe*
KATHERINE M. KEEFE, Clerk of Court
GAJ
by _____
*Deputy Clerk*

_____ 20____

Plaintiff's attorney or plaintiff if he is not represented by an attorney

Name Daniel A. Edelman

Attorney for Plaintiff

Address 20 S. Clark St., Ste. 1500

City, State Zip Chicago, Illinois 60603

Telephone (312) 739-4200

Email courtecl@edcombs.com

Prepared by _____

Attorney Registration No. _____

CV-SUM9: Revised 07-01-2018     Page 1 of 2

JAN 2 4 2022

**SHERIFF'S FEES**

Service and return $_____

Miles _____ $_____

Total Sheriff's Fees $_____

Sheriff of _____ County

**I CERTIFY THAT I SERVED THIS SUMMONS ON DEFENDANTS AS FOLLOWS:**

**(a) INDIVIDUAL DEFENDANTS – PERSONAL:**
The officer or other person making service, shall (a) identify as to sex, race and approximate age of the defendant with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant.

_____

_____

_____

**(b) INDIVIDUAL DEFENDANTS – ABODE:**
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years and upwards, informing that person of the contents of the summons. The officer or other person making service, shall (a) identify as to sex, race and approximate age of the person, other than the defendant, with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of day when the summons was left with such person.

_____

_____

_____

and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully pre-paid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of Defendant | Mailing Address | Date of Mailing |
| --- | --- | --- |
| | | |
| | | |
| | | |

**(c) CORPORATION DEFENDANTS:**
By leaving a copy of the summons and a copy of the complaint with the registered agent, officer or agent of each defendant corporation, as follows:

| Defendant Corporation | Registered Agent, Officer or Agent | Date of Service |
| --- | --- | --- |
| | | |
| | | |
| | | |

**(d) OTHER SERVICE**

_____

_____

_____, Sheriff of _____ County

By: _____, Deputy

** FILED **  Env: 16338139
McHenry County, Illinois
22LA000020
Date: 1/18/2022 3:10 PM
Katherine M. Keefe
Clerk of the Circuit Court

## IN THE CIRCUIT COURT OF THE 22D JUDICIAL CIRCUIT
## MCHENRY COUNTY, ILLINOIS

PATRICK KELLER,  )
on behalf of Plaintiff and a class,  )
  )
             Plaintiff,  )       **22LA000020**
  )
    vs.  )
  )
LVNV FUNDING LLC; and  )
RESURGENT CAPITAL SERVICES, LP,  )
  )
            Defendants.  )

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1.    Plaintiff Patrick Keller brings this action to secure redress regarding unlawful collection practices engaged in by Defendants LVNV Funding LLC ("LVNV") and Resurgent Capital Services, LP ("Resurgent").   Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d).

3.    Personal jurisdiction in Illinois is proper because Defendants sent collection letters into Illinois.

4.    Venue in this county is proper because Defendants' collection letter was received here.

## PARTIES

### Plaintiff

5.    Plaintiff Patrick Keller is a natural person residing in McHenry County, Illinois.

### Defendants

### LVNV

> **NOTICE**
> THIS CASE IS HEREBY SET FOR A
> SCHEDULING CONFERENCE IN
> COURTROOM _TBD_ ON
> ___4/19/2022___ , AT _TBD_ .
> FAILURE TO APPEAR MAY
> RESULT IN THE CASE BEING
> DISMISSED OR AN ORDER OF
> DEFAULT BEING ENTERED.

-1-

6.      Defendant LVNV is a limited liability company organized under Delaware law with principal offices at 6801 S. Cimarron Rd., Ste 424-J, Las Vegas, NV 89113. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

7.      Defendant LVNV is engaged in the business of purchasing or acquiring, or claiming to purchase or acquire, allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

8.      Defendant LVNV pays an average of less than 5 cents on the dollar for the debts it purchases.

9.      Defendant LVNV then attempts to collect the purchased debts by filing or threatening suits on them and having the putative debtors dunned.

10.     Defendant LVNV has been the plaintiff in thousands of collection lawsuits against consumers.

11.     The mails, telephones and Internet are used in connection with the collection of LVNV debts.

12.     Upon information and belief, almost all of LVNV's revenue is derived from the liquidation of consumer debts.

13.     Upon information and belief, almost all of LVNV's expenses are related to the liquidation of consumer debts.

14.     Defendant LVNV is a "debt collector" as defined in the FDCPA, 15 U.S.C. §1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

15.     Defendant LVNV is a collection agency as defined in the ICAA.

16.     Defendant LVNV has a collection agency license from the state of Illinois.

**Resurgent**

17.     Defendant Resurgent is a limited partnership entity organized under Delaware law with its principal offices at 55 Beattie Place, Ste. 110, Greenville, SC 29601.   It does business in Illinois.  Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

18.     Defendant Resurgent operates a collection agency.

19.     Defendant Resurgent uses the mails and telephones to collect debts owed to other entities, including LVNV.

20.     Upon information and belief, almost all of Defendant Resurgent's resources are devoted to debt collection.

21.     Upon information and belief, almost all of Defendant Resurgent's revenue is derived from debt collection.

22.     Upon information and belief, almost all of Defendant Resurgent's expenses are related to debt collection.

23.     Defendant Resurgent is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

24.     Defendant Resurgent is a collection agency as defined in the ICAA.

25.     Defendant Resurgent holds a collection agency license from the state of Illinois.

**RELATIONSHIP BETWEEN DEFENDANTS**

26.     Notwithstanding the substantial volume of collection activity in which it engages, LVNV claims that it has no employees.  (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

27.     All actions taken in the name of LVNV are in fact taken by Resurgent, pursuant to a written agreement and power of attorney that LVNV has executed in favor of Resurgent. (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-

00387 (D.Ariz., filed Aug. 9, 2010)).

28.     Defendant LVNV stated on its Web site, www.lvnvfunding.com, that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

29.     Defendant LVNV also stated on its Web site that "All capital markets and business development activities are handled internally, while the management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, and has been hired by LVNV Funding to perform these services on its behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in many cases, will outsource the recovery activities to other specialized, licensed collection agencies. If you are a customer, please direct your inquiries to the firm currently working your account."

30.     The above statements continue to describe the relationship between LVNV and Resurgent.

31.     Defendants Resurgent and LVNV are under common ownership and management. Both are part of the Sherman Financial Group, the largest debt buyer in the United States.

32.     On information and belief, based on the Resurgent web site and statements in the Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010), defendant Resurgent directed the collection activity complained of herein even though it was taken in the name of LVNV.

-4-

## FACTS RELATING TO PLAINTIFF

33.     This action concerns attempts to collect an alleged debt described as a Credit One credit card in the amount of $572.50 with an original account number ending in 2343 and an LVNV account number 681986156.

34.     Any such debt would have been incurred for personal, family or household purposes and not for business purposes.

35.     On April 24, 2019, Frontline Asset Strategies, on behalf of LVNV and Resurgent, sent Plaintiff the letter in Exhibit A, seeking to collect an alleged debt described as a Credit One credit card in the amount of $572.50 with an original account number ending in 2343 and an LVNV account number 681986156.

36.     By letter of May 20, 2019 to Frontline (Exhibit B), delivered May 23, 2019, Plaintiff disputed the debt.

37.     By letter of June 7, 2019 (Exhibit C), Resurgent purported to verify the debt.

38.     Plaintiff thereupon sought the assistance of counsel in dealing with the alleged debt.

39.     By letters of June 25, 2019 (Exhibit D) and July 1, 2019 (Exhibit E), Plaintiff's counsel notified Resurgent that Plaintiff was represented by counsel with respect to the alleged debt.

40.     LVNV, through Resurgent, then hired collection agency, United Collection Bureau, to collect the alleged debt.

41.     On December 21, 2020, United Collection Bureau sent the letter attached as Exhibit F to collect the same debt.

42.     Exhibit F is addressed to Plaintiff, but at the address of his counsel.

43.     This shows that Resurgent and LVNV were fully aware of Plaintiff's representation by counsel with respect to the alleged debt.

44.     LVNV, through Resurgent, then hired yet another collection agency, Dynamic Recovery Solutions, to dun Plaintiff.

45. On January 3, 2022, Dynamic Recovery Solutions, on behalf of LVNV and Resurgent, sent Plaintiff, directly, the letter in Exhibit G. Plaintiff received it in the course of the mails.

46. Plaintiff was harassed, aggravated and damaged by defendants' conduct.

47. Defendants have engaged in a pattern and practice of (a) sending a debt to attorney or agency A for collection, (b) taking the debt back if the consumer disputes it, refuses to pay, hires counsel, or otherwise takes action that would impede A from further collection efforts, and (c) then sending the debt to attorney or agency B to engage in further collection efforts that A could not engage in. Often, as in the Plaintiff's case, B is followed by one or more additional agencies or attorneys.

48. Some of the numerous other instances of this conduct include:

    a. *Maria Galan, Plaintiff, v. United Collection Bureau, Inc., an Ohio corporation, and LVNV Funding, LLC, a Delaware limited liability company, Defendants,* 1:10-cv-05012 (N.D.Ill.).

    b. *Daniel Thomas, Plaintiff, v. LVNV Funding, LLC and Resurgent Capital Services, L.P., Defendants,* Case No. 1:12-cv-09187 (N.D.Ill.).

    c. *Glenna Harper, Plaintiff, v. LVNV Funding, LLC and Resurgent Capital Services, L.P., Defendants,* Case No. 1:12-cv-09286 (N.D.Ill.).

    d. *Karen Cousins, Plaintiff, v. LVNV Funding, LLC, Defendant,* Case No. 3:12-cv-00689-RL-CAN (N.D.Ind.).

    e. *Edward Fitzgerald, Plaintiff, v. LVNV Funding, LLC, Defendant,* Case No. 1:12-cv-00361-JTM-RBC (N.D.Ind.).

    f. *Essie Balkcom, Plaintiff, v. LVNV Funding, LLC and Resurgent Capital Services, L.P., Defendants,* Case No. 1:10-cv-05656 (N.D.Ill.).

    g. *Leticia Alvarez, Plaintiff, v. LVNV Funding, LLC and Richard J. Boudreau &*

*Associates, LLC, Defendants.*, Case No. 1:10-cv-01045 (N.D.Ill.).

h.  *Flora Martin and Carol Brooks, Plaintiffs, v. LVNV Funding, LLC, Defendant*, Case No. 1:07-cv-4414 (N.D. Ill.);

i.  *Joseph Garza, Plaintiff, v. LVNV Funding, LLC, Defendant*, Case No. 1:08-cv-3197 (N.D.Ill.);

j.  *Merry Link, Plaintiff, v. LVNV Funding, LLC and Boudreau, Defendants*, Case No. 1:09cv669 (W.D.Mich.).

k.  *Bonnie Luke, Plaintiff, v. LVNV Funding, LLC and Resurgent Capital Services, L.P., Defendants*, Case No. 1:09-cv-00993-LJM-JMS (S.D.Ind.)

l.  *Leta Marcisz, Plaintiff, v. Leading Edge Recovery Solutions, LLC, an Illinois limited liability company, and LVNV Funding, LLC, a Delaware limited liability company, Defendants*, Case 1:09-cv-04844 (N.D.Ill.).

m.  *Phyllis Neal, Plaintiff, v. SIMM Associates, Inc., a Delaware corporation, and LVNV Funding, LLC, a Delaware limited liability company, Defendants*, Case 1:09-cv-04797 (N.D.Ill.).

n.  *Arthur Brobst, Plaintiff, v. Aegis Receivables Management, Inc., a Delaware corporation, and LVNV Funding, LLC, a Delaware limited liability company, Defendants*, Case 1:09-cv-03718 (N.D.Ill.).

o.  *Rachel L. Sydnor, Plaintiff, v. Professional Recovery Services, Inc., a New Jersey corporation, Resurgent Capital Services, L.P., a Delaware limited partnership, and LVNV Funding, LLC, a Delaware limited liability company, Defendants*, No. 1:09-cv-03297 (N.D.Ill.).

p.  *Albert Tilton, Plaintiff, v. Weltman, Weinberg & Reis Co., LPA, an Ohio professional corporation, and LVNV Funding, LLC, a Delaware limited liability company, Defendants*, 3:09cv3130-RM-BGC (C.D.Ill.).

q.   *Leonardo A. Cueto, Plaintiff, v. Allied Interstate Inc., and LVNV Funding, LLC, Defendants*, Case 0:09cv60550-WPD (S.D.Fla.).

r.   *Courtney Nzeribe v. LVNV Funding*, Case 12cv9805 (N.D.Ill.).

49.   Defendants' conduct, as set forth above, causes loss of time and money to consumers, who are forced to repeatedly and unnecessarily communicate with Defendants.

50.   Defendants' conduct, both with respect to Plaintiff and the overall pattern set forth above, is malicious and intentionally harassing, warranting substantial punitive damages.

## CLASS ALLEGATIONS

51.   Plaintiff brings this action on behalf of a class.

52.   The class consists of (a) all persons with Illinois addresses (b) with respect to whom Defendants have sent a debt to one attorney or agency for collection, (c) where the consumer disputed the debt, refused to pay it, or retained counsel, (d) after which Defendants sent the debt to one or more other attorneys or agencies who contacted the consumer directly, (e) where any collection activities occurred on or after a date one year (Count I), five years (Count II) or three years (Count III) prior to the filing of this action.

53.   Plaintiff may alter the class definition to conform to developments in the case and discovery.

54.   On information and belief, the class is so numerous that joinder of all members is not practicable.

55.   There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

a.   Whether Defendants engage in the practice described above;

b.   Whether the practice violates the FDCPA;

        c.        Whether the practice violates the ICAA;

        d.        Whether the practice violates the ICFA.

56.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA and consumer litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

57.    A class action is appropriate for the fair and efficient adjudication of this matter, in that:

        a.        Individual actions are not economically feasible.

        b.        Members of the class are likely to be unaware of their rights;

        c.        Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## COUNT I – FDCPA

58.    Plaintiff incorporates paragraphs 1-57.

59.    The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

60.    In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

61.    Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

62.     The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC,* 259 F.3d 662, 666 (7th Cir. 2001).

63.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

64.     Defendants violated 15 U.S.C. §§1692d, 1692e, and 1692e(10) by engaging in the practice described above.

65.     Defendants violated 15 U.S.C. §1692c by communicating directly with a represented debtor.

66.     Section 1692d provides:

> § 1692d.        Harassment or abuse [Section 806 of P.L.]
>
> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. . . .

67.     Section 1692e provides:

> § 1692e.        False or misleading representations [Section 807 of P.L.]
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> > (10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

68.     Section 1692c provides:

> (a)    Communication with the consumer generally
>
> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> > (2)    if the debt collector knows the consumer is represented by an attorney

-10-

> with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer . . .

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendants for:

   i.  Statutory damages;

   ii.  Actual damages;

   iii.  Attorney's fees, litigation expenses and costs of suit;

   iv.  Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

69. Plaintiff incorporates paragraphs 1-57.

70. The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

71. Section 425/3(d), as amended effective Jan. 1, 2008, brings debt buyers such as LVNV within its purview by providing that "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it . . . Buys accounts, bills or other indebtedness and engages in collecting the same."

72. Previously coverage was limited to a person who "Buys accounts, bills or other indebtedness with recourse and engages in collecting the same".

73.     By deleting "with recourse," the legislature intended to classify as a "collection agency" persons such as the defendant who buy charged-off debts for their own account.

74.     In addition, the 2007 amendments repealed the definition of "collection agency" contained in former §425/2.02 and provided a more expansive set of definitions which, among other things, now define a "collection agency" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." 225 ILCS 425/2 (emphasis added).

75.     Thus, one who purchases delinquent debt for himself and engages in any acts defined as "debt collection," such as the assertion of rights in a lawsuit, is covered. *LVNV Funding, LLC v. Trice*, 2011 IL App (1st) 092773, 952 N.E.2d 1232 (1st Dist. 2011).

76.     Defendants violated the following provisions of 225 ILCS 425/9(a):

    **(34)**   **Communicating or threatening to communicate with a debtor when the collection agency is informed in writing by an attorney that the attorney represents the debtor concerning the debt. If the debtor fails to respond within a reasonable period of time, the collector may communicate with the debtor. The collector may communicate with the debtor when the attorney gives his or her consent.**

    **(35)**   **Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.. . .**

77.     A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of Plaintiff and the class and against Defendant:

        i.     Compensatory and punitive damages;

        ii.    Costs.

        iii.   Such other and further relief as is appropriate.

## COUNT III – CONSUMER FRAUD ACT

78.     Plaintiff incorporates paragraphs 1-57.

-12-

79.     Defendants engaged in both unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by engaging in the practice described above.

80.     Defendants engaged in such conduct in the course of trade and commerce.

81.     Defendants engaged in such conduct for the purpose of obtaining money from Plaintiff.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

i.      Actual damages;

ii.     Punitive damages;

iii.    An injunction against further violations.

iv.     Attorney's fees, litigation expenses and costs of suit;

v.      Such other or further relief as the Court deems proper.


/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Dulijaza (Julie) Clark (ARDC 6273353)
Julia Ozello (ARDC 6336504)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

      Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


*s/Daniel A. Edelman*
Daniel A. Edelman

# EXHIBIT A



**FRONTLINE**

2700 Snelling Ave N
Ste 250
Roseville, MN 55113
Hours of Operation:
M-Th 7am-9pm CST, Fri 7am-8pm CST,
Sat 8am-12pm CST
Toll Free: 877-258-1590
Web www.frontlineas.com
Payment Site: www.payfrontline.com

PATRICK KELLER

| Last ID | Current Creditor | Original Creditor | Original Creditor # | Total Due |
|---------|------------------|-------------------|---------------------|-----------|
|         | LVNV Funding, LLC |                   |                     |           |

Date: 04/29/2019

Dear Patrick Keller:

Your account has been placed with our office for collection. You owe ▆▆▆▆

We are here to help. You may pay online at www.payfrontline.com, use Live Chat from our website www.frontlineas.com or call us at 877-258-1590.

Sincerely,
Troy Trainor
877-258-1590
Frontline Asset Strategies, LLC

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office, in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**PLEASE SEE REVERSE SIDE / ADDITIONAL PAGES FOR IMPORTANT CONSUMER NOTICES**

This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

# EXHIBIT B



5/20/19
PATRICK M KELLER
█████████████
██████████████

FRONT LINE ASSET STRATEGIES
2700 SNELLING AVE N
ROSEVILLE, MN 55113

██████████████

THIS LETTER IS SENT IN RESPONSE TO A LETTER ENCLOSED
SENT TO ME ON 4/29/19. I AM REQUESTING THAT YOU PROVIDE
VALIDATION OF THIS DEBT INCLUDING PROOF THAT YOU OWN THIS
DEBT. IF YOU DO NOT COMPLY WITH THIS REQUEST, I WILL
IMMEDIATELY FILE A COMPLAINT WITH THE FEDERAL TRADE
COMMISSION AND THE ILLINOIS ATTORNEY GENERAL'S OFFICE.
CIVIL AND CRIMINAL CLAIMS WILL BE PURSUED.
SINCERLY,

██████████████████

# EXHIBIT C



## ACCOUNT SUMMARY REPORT
### 6/6/2019 4 13 11 PM

*This account summary has been prepared by Resurgent Capital Services on behalf of LVNV Funding LLC.
It is not a credit card or other account statement from the original creditor.*



| Borrower Information | Current Account Information |
|---|---|
| Name: PATRICK KELLER | Owner: LVNV Funding LLC |
| Address: | Resurgent Reference #: |
| City: | Original Creditor: |
| State: | Account Number: |
| Zip Code: | Current Balance Due: |
| | Date of Last Payment: 15/15/2018 |

### Historical Account Information

The original creditor for this account was:

The origination date with original creditor was:
The account charge-off date was:
The account charge-off amount was:
The account was acquired on or about:
The account balance at time of acquisition:

*This communication is from a debt collector and this is an attempt to collect a debt. Any information obtained will
be used for that purpose.*

Page 1 of 1

# EXHIBIT D

**EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.**
**20 S. Clark Street, Suite 1500**
**Chicago, Illinois  60603-1824**
**(312) 739-4200**
**(800) 644-4673**
**(312) 419-0379 (FAX)**
**Email: <u>info@edcombs.com</u>**
**<u>www.edcombs.com</u>**
June 25, 2019

**VIA FACSIMILE to (866) 467-0960**

Resurgent Capital Services L.P.
4010 Oak Ave.
McHenry, IL 60050

                Re:    **Patrick Keller   Ref. ID:** ████████

Ladies/ Gentlemen:

        Please be advised that we represent the above individual and that our client disputes the claimed debt(s) you are attempting to collect.  Please provide any contract or agreement signed by our client and an account history showing what this debt is,  how you arrived at the conclusion that our client owes the amounts claimed and when this alleged debt(s) was charged off.

        We are concerned that the debt may include inappropriate and unauthorized interest, fees and charges, including interest for periods after chargeoff that the holder of the debt at the time did not assess and that were added later.

        Furthermore, you are hereby requested, as required by the Uniform Commercial Code,  to provide proof that you or your principal is in fact the assignee of the debt(s) described above and that you are legally authorized to attempt to collect the claimed debt(s) from our client.

        Unless and until such proof is furnished, we do not recognize any right on your part to attempt to collect any amount from our client through any means, including credit reporting, and you are advised that our client **refuses to pay** and requests **cessation of further communications.**

        Any and all consents that our client may have  given for communications to cellular telephones are hereby revoked.

        Thank you.

                Sincerely,

                Daniel A. Edelman

bcc client

# EXHIBIT E

```
┌─────────────────────────────────────┐
│   TRANSMISSION VERIFICATION REPORT   │
└─────────────────────────────────────┘

                              TIME  : 07/01/2019 10:57
                              NAME  : ECLG SEND
                              FAX   : 2
                              TEL   : 3124190015
                              SER.# : BROL9J992598

   DATE,TIME           07/01  10:57
   FAX NO./NAME        918664670960
   DURATION            00:00:24
   PAGE(S)             01
   RESULT              OK
   MODE                STANDARD
                       ECM
```

# EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
## 20 S. Clark Street, Suite 1500
## Chicago, Illinois 60603-1824
## (312) 739-4200
## (800) 644-4673
## (312) 419-0379 (FAX)
## Email: info@edcombs.com
## www.edcombs.com
July 1, 2019

**VIA FACSIMILE to (866) 467-0960**

Resurgent Capital Services L.P.
PO Box 10497
Greenville, SC 29603

Re:    <b>Patrick Keller    Ref. ID:</b> ████████

Ladies/ Gentlemen:

       Please be advised that we represent the above individual and that our client disputes the claimed debt(s) you are attempting to collect. Please provide any contract or agreement signed by our client and an account history showing what this debt is, how you arrived at the conclusion that our client owes the amounts claimed and when this alleged debt(s) was charged off.

       We are concerned that the debt may include inappropriate and unauthorized interest, fees and charges, including interest for periods after chargeoff that the holder of the debt at the time did not assess and that were added later.

       Furthermore, you are hereby requested, as required by the Uniform Commercial Code, to provide proof that you or your principal is in fact the assignee of the debt(s) described above and that you are legally authorized to attempt to collect the claimed debt(s) from our client.

Unless and until such proof is furnished, we do not recognize any right on your part

# EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
## 20 S. Clark Street, Suite 1500
## Chicago, Illinois 60603-1824
## (312) 739-4200
## (800) 644-4673
## (312) 419-0379 (FAX)
## Email: info@edcombs.com
### www.edcombs.com

July 1, 2019

**VIA FACSIMILE to (866) 467-0960**

Resurgent Capital Services L.P.
PO Box 10497
Greenville, SC 29603

Re: **Patrick Keller** **Ref. ID:** ▮▮▮▮▮▮

Ladies/ Gentlemen:

Please be advised that we represent the above individual and that our client disputes the claimed debt(s) you are attempting to collect. Please provide any contract or agreement signed by our client and an account history showing what this debt is, how you arrived at the conclusion that our client owes the amounts claimed and when this alleged debt(s) was charged off.

We are concerned that the debt may include inappropriate and unauthorized interest, fees and charges, including interest for periods after chargeoff that the holder of the debt at the time did not assess and that were added later.

Furthermore, you are hereby requested, as required by the Uniform Commercial Code, to provide proof that you or your principal is in fact the assignee of the debt(s) described above and that you are legally authorized to attempt to collect the claimed debt(s) from our client.

Unless and until such proof is furnished, we do not recognize any right on your part to attempt to collect any amount from our client through any means, including credit reporting, and you are advised that our client **refuses to pay** and requests **cessation of further communications.**

Any and all consents that our client may have given for communications to cellular telephones are hereby revoked.

Thank you.

Sincerely,

▮▮▮▮▮

Daniel A. Edelman

# EXHIBIT F

UNITED COLLECTION BUREAU, INC. WWW.UCBINC.COM December 21, 2020
5620 SOUTHWYCK BLVD
TOLEDO OH 43614        1-877-455-8121

PATRICK KELLER
20 S CLARK ST STE 1500
CHICAGO IL 60603-1824

| | |
|---|---|
| Current Creditor: | LVNV FUNDING LLC |
| Last Four Digits of Current Creditor Account Number: | |
| Original Creditor: | |
| Last Four Digits of Original Creditor Account Number: | |
| Original Creditor Address: | |
| United Collection Bureau, Inc. Reference Number: | |
| Account Balance: | |

The above referenced account has been placed with our office for collection. We are authorized to offer you a settlement in the amount of ▮▮▮▮. We are not obligated to renew this offer.

🖥 Pay online: WWW.UCBINC.COM  🌐 Speak with an agent: 1-844-280-7655
📞Pay by phone: 1-877-455-8121

📱 To authorize us to communicate with you via text messages, please text "TEXT" to 833-999-1828 from the phone to which you authorize us to send you text messages; text messaging rates may apply.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt by United Collection Bureau, Inc., a debt collector, and any information obtained will be used for that purpose.

SEE REVERSE SIDE FOR IMPORTANT INFORMATION

833CU027000ADN

PLEASE RETURN THIS PORTION WITH PAYMENT. DO NOT ATTACH CHECK TO STUB.

CU027000
PO Box 1280
Oaks PA 19456-1280
ADDRESS SERVICE REQUESTED

| | |
|---|---|
| Current Creditor: | LVNV FUNDING LLC |
| Last Four Digits of Current Creditor Acent. No: | |
| Original Creditor: | |
| Last Four Digits of Original Creditor Acent No.: | |
| Account Balance: | |
| United Collection Bureau, Inc. Reference No: | |
| Toll Free: | 1-877-455-8121 |

REMIT TO:

December 21, 2020

UNITED COLLECTION BUREAU, INC.
PO BOX 1116
MAUMEE OH 43537-8116

PATRICK KELLER
20 S CLARK ST
STE 1500
CHICAGO IL 60603-1824

69017/085

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.

If you have a concern about the way we are collecting this debt, please email us at UCBCompliance@ucbinc.com or please call our toll-free Consumer Service Hotline at 1-866-209-0622.

We are required under state and city law to notify consumers of the following rights. This list does not include all rights consumers have under state, city, and federal law.

**THE STATE OF CALIFORNIA REQUIRES THAT WE FURNISH RESIDENTS OF CALIFORNIA WITH THE FOLLOWING INFORMATION:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Nonprofit credit counseling services may be available in the area. For the purposes of collecting this debt, we may collect personal information about you including your name, social security number, employment information, information concerning your financial ability to pay this debt, bank and credit card account information, your location and other contact information including your telephone number and email address, and any information you provide through our website including your ip address. A copy of our privacy policy may be found at www.ucbinc.com.

**THE STATE OF COLORADO REQUIRES THAT WE FURNISH RESIDENTS OF COLORADO WITH THE FOLLOWING INFORMATION:** FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE HTTPS://COAG.GOV/OFFICE-SECTIONS/CONSUMER-PROTECTION/CONSUMER- CREDIT-UNIT/COLLECTION-AGENCY-REGULATION/. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. Payments can be made in person at: Colorado Manager, Inc., 8690 Wolff Court, Suite 110, Westminster, Colorado 80031, 303-920-4763.

**THE STATE OF IDAHO REQUIRES THAT WE FURNISH RESIDENTS OF IDAHO WITH THE FOLLOWING INFORMATION:** Toll Free 1-866-209-0622 during normal business hours.

**THE STATE OF KANSAS REQUIRES THAT WE FURNISH RESIDENTS OF KANSAS WITH THE FOLLOWING INFORMATION:** An investigative consumer report, which includes information as to your character, general reputation, personal characteristics and mode of living, may have been requested. You have the right to request additional information, which includes the nature and scope of the investigation.

**THE STATE OF MAINE REQUIRES THAT WE FURNISH RESIDENTS OF MAINE WITH THE FOLLOWING INFORMATION:** Hours of operation (ET): Monday through Thursday, 8:00 a.m. to 8:00 p.m.; Friday, 8:00 a.m. to 5:00 p.m.

**THE STATE OF MASSACHUSETTS REQUIRES THAT WE FURNISH RESIDENTS OF MASSACHUSETTS WITH THE FOLLOWING INFORMATION:** You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector. .Hours of operation (ET): Monday through Thursday, 8:00 a.m. to 8:00 p.m.; Friday, 8:00 a.m. to 5:00 p.m.

**THE STATE OF MINNESOTA REQUIRES THAT WE FURNISH RESIDENTS OF MINNESOTA WITH THE FOLLOWING INFORMATION:** This collection agency is licensed by the Minnesota Department of Commerce.

**THE CITY OF NEW YORK REQUIRES THAT WE FURNISH RESIDENTS OF NEW YORK CITY WITH THE FOLLOWING INFORMATION:** New York City Department of Consumer Affairs License Number 1004887. This collection agency conducts business primarily in English. However, we may employ foreign language speakers from time to time and may accommodate verbal communication in a foreign language when appropriate staff is available. Some, but not all, standard written communications produced by us may be available in Spanish. A translation and description of commonly-used debt collection terms is available in multiple languages on the New York City Department of Consumer Affair's website, www.nyc.gov/dca.

**THE STATE OF NORTH CAROLINA REQUIRES THAT WE FURNISH RESIDENTS OF NORTH CAROLINA WITH THE FOLLOWING INFORMATION:** North Carolina Permit Numbers: 101866, 113029, 3843, 113517, and 4367.

**THE STATE OF TENNESSEE REQUIRES THAT WE FURNISH RESIDENTS OF TENNESSEE WITH THE FOLLOWING INFORMATION:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**THE STATE OF WISCONSIN REQUIRES THAT WE FURNISH RESIDENTS OF WISCONSIN WITH THE FOLLOWING INFORMATION:** This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.

UCBV21 09.10.20

**PRIVACY NOTICE**

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Resurgent Companies"). It describes the general policy of the Resurgent Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Resurgent Capital Services L.P. | LVNV Funding, LLC | Ashley Funding Services LLC |
| Resurgent Acquisitions LLC | PYOD LLC | SFG REO, LLC |
| Resurgent Receivables LLC | Pinnacle Credit Services, LLC | CACV of Colorado, LLC |
| Resurgent Funding LLC | Sherman Originator LLC | Anson Street LLC |
| CACH, LLC | Sherman Originator III LLC | Sherman Acquisition L.L.C. |

<u>Information We May Collect</u>. The Resurgent Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

<u>Confidentiality and Security of Collected Information</u>. At the Resurgent Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

<u>Sharing Collected Information with Affiliates</u> From time to time, the Resurgent Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.

<u>Sharing Collected Information with Third Parties</u> The Resurgent Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collections Practices Act and applicable state law.

# EXHIBIT G



## DYNAMIC RECOVERY SOLUTIONS

25 Interstate Blvd, Greenville, SC 29615
Hours of Operation, Monday - Friday, 8am - 8pm ET

| | |
|---|---|
| **Original Creditor:** | |
| **Original Account Number:** | |
| **Current Creditor:** | LVNV Funding, LLC |
| **Reference Number:** | |
| **DRS Reference Number:** | |
| **Total Outstanding Balance:** | |

Dear Patrick Keller,

We have not received a response from or spoken with regarding the above referenced account. In order to assist you in resolving this debt, we can offer the following options.

(1) You may resolve your account for ____ in 3 payments of ____ and a final payment of ____. To accept, make your first payment by February 5, 2022. We are not obligated to renew this offer. To comply with this offer, payments should be no more than 30 days apart. Upon receipt and clearance of these 3 payments, this account will be considered satisfied and closed. A satisfaction letter will be issued to you at that time.

(2) The offers listed above are not your only options. If you are unable to accept one of the offers, we can work with you, regardless of your current financial position. Please contact our office to discuss your options.

**Customer Service: 833-323-0687 • TTY: 800-877-8339**

**http://www.drscustomerportal.com/**

**PO BOX 25759, GREENVILLE, SC 29616-0759**

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

** FILED **  Env: 16387135
McHenry County, Illinois
22LA000020
Date: 1/21/2022 10:15 AM
Katherine M. Keefe
Clerk of the Circuit Court

## IN THE CIRCUIT COURT OF THE 22D JUDICIAL CIRCUIT
## MCHENRY COUNTY, ILLINOIS

PATRICK KELLER,                          )
on behalf of Plaintiff and a class,      )
                                         )
                    Plaintiff,           )      Case No. 2022-LA-000020
                                         )
         vs.                             )      Judge Meyer
                                         )
LVNV FUNDING LLC; and                    )
RESURGENT CAPITAL SERVICES, LP,          )
                                         )
                    Defendants.          )

## NOTICE OF MOTION

**TO:**     See Certificate of Service

        **PLEASE TAKE NOTICE** that on Tuesday, April 19, 2022, at 8:45 am, we shall
appear before the Honorable Judge Thomas A. Meyer in Room 201 of the McHenry County
Courthouse and there present: **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**, a
copy of which has been filed electronically and is hereby served upon you.

                                         s/*Daniel A. Edelman*
                                         Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Dulijaza (Julie) Clark (ARDC 6273353)
Julia Ozello (ARDC 6336504)
**EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, certify that I had a copy of this document placed for service with the complaint.

s/ *Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Dulijaza (Julie) Clark (ARDC 6273353)
Julia Ozello (ARDC 6336504)
**EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)

FILED **  Env: 16338139
McHenry County, Illinois
22LA000020
Date: 1/18/2022 3:10 PM
Katherine M. Keefe
Clerk of the Circuit Court

IN THE CIRCUIT COURT OF THE 22D JUDICIAL CIRCUIT
MCHENRY COUNTY, ILLINOIS

PATRICK KELLER,                          )
on behalf of Plaintiff and a class,      )
                                         )
                    Plaintiff,           )          22LA000020
                                         )
        vs.                              )
                                         )
LVNV FUNDING LLC; and                    )
RESURGENT CAPITAL SERVICES, LP,          )
                                         )
                    Defendants.          )

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Patrick Keller respectfully requests that the Court order that this action, alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), may proceed on behalf of a class against LVNV Funding, LLC ("LVNV"), and Resurgent Capital Services, LP ("Resurgent").

The class consists of (a) all persons with Illinois addresses (b) with respect to whom Defendants have sent a debt to one attorney or agency for collection, (c) where the consumer disputed the debt, refused to pay it, or retained counsel, (d) after which Defendants sent the debt to one or more other attorneys or agencies who contacted the consumer directly, (e) where any collection activities occurred on or after a date one year (Count I), five years (Count II) or three years (Count III) prior to the filing of this action.

Plaintiff is required to file a motion for class certification with the complaint, *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.*, 2015 IL 118644, 48 N.E.3d 1060, and may request leave to supplement it later.

In support of this motion, Plaintiff states:

## NATURE OF THE CASE

1.      Defendant LVNV is a debt buyer who pays an average of less than 5 cents on the

-1-

dollar for the debts it purchases, and then attempts to collect the purchased debts by filing or threatening suits on consumers and having the putative debtors dunned. It has been the plaintiff in thousands of collection lawsuits against consumers.

2. LVNV is a "debt collector" as defined in the FDCPA, 15 U.S.C. §1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts. LVNV is also collection agency as defined in the ICAA.

3. Defendant Resurgent operates a collection agency, and uses the mails and telephones to collect debts owed to other entities, including LVNV. Resurgent is a debt collector as defined by the FDCPA, 15 U.S.C.§1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts. Resurgent is also a collection agency as defined in the ICAA.

4. As explained in the complaint, all actions taken in the name of LVNV are in fact taken by Resurgent, pursuant to a written agreement and power of attorney that LVNV has executed in favor of Resurgent. Defendant Resurgent directed the collection activity complained of herein even though it was taken in the name of LVNV.

5. On April 24, 2019, Frontline Asset Strategies, on behalf of LVNV and Resurgent, sent Plaintiff the letter in Exhibit A, seeking to collect an alleged debt described as a Credit One credit card in the amount of $572.50 with an original account number ending in 2343 and an LVNV account number 681986156.

6. By letter of May 20, 2019 to Frontline (Exhibit B), delivered May 23, 2019, Plaintiff disputed the debt.

7. By letter of June 7, 2019 (Exhibit C), Resurgent purported to verify the debt.

8. Plaintiff thereupon sought the assistance of counsel in dealing with the alleged debt. By letters of June 25, 2019 (Exhibit D) and July 1, 2019 (Exhibit E), Plaintiff's counsel notified Resurgent that Plaintiff was represented by counsel with respect to the alleged debt.

-2-

9.      LVNV, through Resurgent, then hired collection agency, United Collection Bureau, to collect the alleged debt.   On December 21, 2020, United Collection Bureau sent the letter attached as Exhibit F to collect the same debt.   Exhibit F is addressed to Plaintiff, but at the address of his counsel.  This shows that Resurgent and LVNV were fully aware of Plaintiff's representation by counsel with respect to the alleged debt.

10.     LVNV, through Resurgent, then hired yet another collection agency, Dynamic Recovery Solutions, to dun Plaintiff. On January 3, 2022, Dynamic Recovery Solutions, on behalf of LVNV and Resurgent, sent Plaintiff, directly, the letter in Exhibit G.  Plaintiff received it in the course of the mails.

11.     Defendants have engaged in a pattern and practice of (a) sending a debt to attorney or agency A for collection, (b) taking the debt back if the consumer disputes it, refuses to pay, hires counsel, or otherwise takes action that would impede A from further collection efforts, and (c) then sending the debt to attorney or agency B to engage in further collection efforts that A could not engage in.   Often, as in the Plaintiff's case, B is followed by one or more additional agencies or attorneys.

12.     Some of the numerous other instances of this conduct include:

      a.      *Maria Galan, Plaintiff, v. United Collection Bureau, Inc., an Ohio corporation, and LVNV Funding, LLC, a Delaware limited liability company, Defendants,* 1:10-cv-05012 (N.D.Ill.).

      b.      *Daniel Thomas,  Plaintiff,  v. LVNV Funding, LLC and Resurgent Capital Services, L.P.,  Defendants,* Case No. 1:12-cv-09187 (N.D.Ill.).

      c.      *Glenna Harper,  Plaintiff,  v. LVNV Funding, LLC and Resurgent Capital Services, L.P.,  Defendants,* Case No. 1:12-cv-09286 (N.D.Ill.).

      d.      *Karen Cousins, Plaintiff, v. LVNV Funding, LLC, Defendant,* Case No. 3:12-cv-00689-RL-CAN (N.D.Ind.).

-3-

e. *Edward Fitzgerald, Plaintiff, v. LVNV Funding, LLC, Defendant*, Case No. 1:12-cv-00361-JTM-RBC (N.D.Ind.).

f. *Essie Balkcom, Plaintiff, v. LVNV Funding, LLC and Resurgent Capital Services, L.P., Defendants*, Case No. 1:10-cv-05656 (N.D.Ill.).

g. *Leticia Alvarez, Plaintiff, v. LVNV Funding, LLC and Richard J. Boudreau & Associates, LLC, Defendants.*, Case No. 1:10-cv-01045 (N.D.Ill.).

h. *Flora Martin and Carol Brooks, Plaintiffs, v. LVNV Funding, LLC, Defendant*, Case No. 1:07-cv-4414 (N.D. Ill.);

i. *Joseph Garza, Plaintiff, v. LVNV Funding, LLC, Defendant*, Case No. 1:08-cv-3197 (N.D.Ill.);

j. *Merry Link, Plaintiff, v. LVNV Funding, LLC and Boudreau, Defendants*, Case No. 1:09cv669 (W.D.Mich.).

k. *Bonnie Luke, Plaintiff, v. LVNV Funding, LLC and Resurgent Capital Services, L.P., Defendants*, Case No. 1:09-cv-00993-LJM-JMS (S.D.Ind.)

l. *Leta Marcisz, Plaintiff, v. Leading Edge Recovery Solutions, LLC, an Illinois limited liability company, and LVNV Funding, LLC, a Delaware limited liability company, Defendants*, Case 1:09-cv-04844 (N.D.Ill.).

m. *Phyllis Neal, Plaintiff, v. SIMM Associates, Inc., a Delaware corporation, and LVNV Funding, LLC, a Delaware limited liability company, Defendants*, Case 1:09-cv-04797 (N.D.Ill.).

n. *Arthur Brobst, Plaintiff, v. Aegis Receivables Management, Inc., a Delaware corporation, and LVNV Funding, LLC, a Delaware limited liability company, Defendants*, Case 1:09-cv-03718 (N.D.Ill.).

o. *Rachel L. Sydnor, Plaintiff, v. Professional Recovery Services, Inc., a New Jersey corporation, Resurgent Capital Services, L.P., a Delaware limited partnership, and*

-4-

*LVNV Funding, LLC, a Delaware limited liability company, Defendants,* No. 1:09-cv-03297 (N.D.Ill.).

p.   *Albert Tilton, Plaintiff, v. Weltman, Weinberg & Reis Co., LPA, an Ohio professional corporation, and LVNV Funding, LLC, a Delaware limited liability company, Defendants,* 3:09cv3130-RM-BGC (C.D.Ill.).

q.   *Leonardo A. Cueto, Plaintiff, v. Allied Interstate Inc., and LVNV Funding, LLC, Defendants,* Case 0:09cv60550-WPD (S.D.Fla.).

r.   *Courtney Nzeribe v. LVNV Funding,* Case 12cv9805 (N.D.Ill.).

## THE FAIR DEBT COLLECTION PRACTICES ACT

13.   The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. §1692(e).  This law "is designed to protect consumers from unscrupulous collectors, regardless of the validity of the debt." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997).  The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements in connection with the collection of a debt.  It also requires debt collectors to give debtors certain information about alleged debts, and about their rights as consumers.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

14.   In enacting the FDCPA, Congress recognized the universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule....  [The] vast majority of consumers who obtain credit fully intend to repay their debts.  When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce. 95 S.Rep. 382, at 3 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1697.

15.   *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008), held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct. This intent cannot be

underestimated." See *Sonmore v. CheckRite Recovery Services, Inc.*, 187 F.Supp.2d 1128, 1132 (D.Minn. 2001) (the FDCPA "is a remedial strict liability statute which was intended to be applied in a liberal manner"); *Owens v. Hellmuth & Johnson PLLC*, 550 F.Supp.2d 1060, 1063 (D.Minn. 2008) (same); and *Rosenau v. Midland Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (the FDCPA should be "[construed]... broadly, so as to effect its purpose"). Further, "Congress intended the Act to be enforced primarily by consumers...." *Federal Trade Commission v. Shaffner*, 626 F.2d 32, 35 (7th Cir. 1980). The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001); *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 780 (9th Cir. 1982).

16.     Courts hold that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of an "unsophisticated consumer," *Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003), or "least sophisticated consumer," *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2nd Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1173 (11th Cir. 1985). The standard is an objective one – whether any particular consumer was misled is not an element of a cause of action. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997). "The question is not whether the plaintiff was deceived or misled, but rather whether an unsophisticated consumer would have been misled." *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991).

17.     Because it is part of the Consumer Credit Protection Act, 15 U.S.C. §§1601 et seq., the FDCPA should be liberally construed in favor of the consumer to effectuate its purposes. *Cirkot v. Diversified Fin. Services, Inc.*, 839 F.Supp. 941 (D. Conn. 1993).

18.     Statutory damages are recoverable for violations, whether or not the consumer proves actual damages. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir.1997); *Baker*, 677 F.2d at 780-1; *Woolfolk v. Van Ru Credit Corp.*, 783 F. Supp. 724, 727 and n. 3 (D. Conn. 1990); *Cacace v. Lucas*, 775 F. Supp. 502 (D. Conn. 1990); *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 177 (W.D.N.Y. 1988); *Kuhn v. Account Control Technol.*, 865 F. Supp. 1443, 1450 (D.Nev. 1994); *In re Scrimpsher*, 17 B.R. 999, 1016-7 (Bankr.N.D.N.Y. 1982).

## REQUIREMENTS FOR CLASS CERTIFICATION

19.    Section 2-801 of the Illinois Code of Civil Procedure states:

Prerequisites for the maintenance of a class action.

An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

(1)    The class is so numerous that joinder of all members is impracticable.

(2)    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3)    The representative parties will fairly and adequately protect the interest of the class.

(4)    The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. Although the statute was modeled after Rule 23 of the Federal Rule of Civil Procedure, some differences exist between the two. *Eshaghi v. Hanley Dawson Cadillac Co.,* 214 Ill. App. 3d 995, 999, 574 N.E.2d 760, 762 (1st Dist. 1991).

20.    The class action determination is to be made as soon as practicable after the commencement of an action brought as a class action and before any consideration of the merits. 735 ILCS 5/2-802. The circuit court has discretion as to whether an action may proceed as a class action. *Haywood v. Superior Bank,* 244 Ill. App. 3d 326, 328, 614 N.E.2d 461, 463 (1st Dist. 1993) (overturning the lower court's denial of class certification in a landlord-tenant case).

21.    Class actions are essential to enforce laws protecting consumers. As the court stated in *Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill.App.3d 995, 574 N.E.2d 760 (1st Dist. 1991):

In a large and impersonal society, class actions are often the last barricade of consumer protection. . . . To consumerists, the consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups. The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains which are both handsome and tempting. The alternatives to the class action -- private suits or governmental actions -- have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are truly effective. The consumer class action, when brought by those who have no other avenue of legal redress, provides restitution to the injured, and deterrence of the wrongdoer. (574 N.E.2d at 764, 766)

22.    As demonstrated below, each of the requirements for class certification is met.

-7-

23.     Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA class action cases.  As a result, numerous FDCPA class actions have been certified.  *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *McMahon v. LVNV Funding, LLC*, 807 F.3d 872 (7th Cir. 2015);  *Vines v. Sands*, 188 F.R.D. 302 (N.D. Ill. 1999); *Nielsen v. Dickerson*, 98cv5909, 1999 WL 350649, 1999 U.S. Dist. LEXIS 8334 (N.D. Ill. May 20, 1999); *Sledge v. Sands*, 182 F.R.D. 255 (N.D. Ill. 1998); *Shaver v. Trauner*, 97cv1309, 1998 WL 35333712, 1998 U.S. Dist. LEXIS 19647 (C.D. Ill. May 29, 1998*) report and recommendation adopted*, 1998 WL 35333713, 1998 U.S. Dist. LEXIS 19648 (C.D. Ill. July 31, 1998); *Carroll v. United Compucred Collections, Inc.*, 1:99cv0152, 2002 WL 31936511, 2002 U.S. Dist. LEXIS 25032 (M.D. Tenn. Nov. 15, 2002), *report and recommendation adopted in part*, 2003 WL 1903266,  2003 U.S. Dist. LEXIS 5996 (M.D. Tenn. Mar. 31, 2003) *aff'd*, 399 F.3d 620 (6th Cir. 2005);  *Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291 (N.D. Ill. 2007); *Keele v. Wexler*, 95cv3483, 1996 WL 124452, 1996 U.S. Dist. LEXIS 3253 (N.D. Ill. Mar. 19, 1996), *aff'd*, 149 F.3d 589 (7th Cir. 1998); *Miller v. Wexler & Wexler*, 97cv6593, 1998 WL 60798, 1998 U.S. Dist. LEXIS 1382 (N.D. Ill. Feb. 6, 1998); *Wilborn v. Dun & Bradstreet*, 180 F.R.D. 347  (N.D. Ill. 1998); *Arango v. GC Servs., LP*, 97cv7912, 1998 WL 325257,  1998 U.S. Dist. LEXIS 9124 (N.D. Ill. June 11, 1998) (misleading collection letters); *Avila v. Van Ru Credit Corp.*, 94cv3234, 1995 WL 41425, 1995 U.S. Dist. LEXIS 461 (N.D. Ill. Jan. 31, 1995), aff'd sub nom. *Avila v. Rubin*,  84 F.3d 222 (7th Cir. 1996); *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D.Ill. 2008); *Cotton v. Asset Acceptance*, 07cv5005, 2008 WL 2561103, 2008 U.S. Dist. LEXIS 49042 (N.D.Ill. June 26, 2008) (class certified);  *Carr v. Trans Union Corp.*, 94cv0022, 1995 WL 20865, 1995 U.S. Dist. LEXIS 567 (E.D. Pa. Jan. 12, 1995) (FDCPA class certified regarding defendant Trans Union's transmission of misleading collection notices to consumers); *Colbert v. Trans Union Corp.*  93cv6106, 1995 WL 20821, 1995 U.S. Dist. LEXIS 578 (E.D. Pa. Jan. 12, 1995) (same); *Gammon v. GC Services, L.P.*, 162 F.R.D. 313 (N.D. Ill. 1995) (similar);  *Zanni v. Lippold*, 119 F.R.D. 32, 35 (C.D. Ill. 1988); *West v. Costen*, 558 F. Supp. 564, 572-573 (W.D. Va. 1983) (FDCPA class certified regarding alleged failure to provide required

"validation" notices and addition of unauthorized fees); *Cheqnet Systems, Inc. v. Montgomery*, 322 Ark. 742, 911 S.W.2d 956 (1995) (class certified in FDCPA action challenging bad check charges); *Brewer v. Friedman*, 152 F.R.D. 142 (N.D. Ill. 1993) (FDCPA class certified regarding transmission of misleading collection demands to consumers), earlier opinion, 833 F. Supp. 697 (N.D. Ill. 1993); *Duran v. Credit Bureau of Yuma, Inc.,* 93 F.R.D. 607 (D. Ariz. 1982) (class certified in action complaining of unauthorized charges).

     **A.**      <u>**Numerosity**</u>

     24.      Section 2-801(1) parallels the language of Federal Rule of Civil Procedure 23(a)(1); therefore, federal case law is instructive on the numerosity requirements under the Illinois statute. *Wood River Area Dev. Corp. v. Germania Fed. Sav. & Loan Ass'n*, 198 Ill. App. 3d 445, 450, 555 N.E.2d 1150, 1153 (5th Dist. 1990). The numerosity requirement is satisfied if it is reasonable to conclude that the number of members of the proposed class is greater than the minimum number required for class certification, which is about 10-40. *Kulins v. Malco*, 121 Ill. App. 3d 520, 530, 459 N.E.2d 1038 (1st Dist. 1984) (19 and 47 members sufficient); *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members sufficient); *Riordan v. Smith Barney,* 113 F.R.D. 60, 62 (N.D. Ill. 1986) (10-29 members sufficient).

     25.      Illinois case law further indicates that "[t]he number of class members is relevant, not determinative." *Wood River Area Dev. Corp.,* 198 Ill.App.3d at 450, 555 N.E.2d at 1153. Where the class size is smaller, other factors may come into play to demonstrate that joinder is impractical, including: (1) geographical spread of class members, (2) ease of identifying and locating class members, (3) the knowledge and sophistication of class members and their need for protection, (4) the size of class members' claims, and (5) the nature of the case. <u>Id.</u> at 450-51, 555 N.E. 2d at 1153-54.

     26.      It is not necessary that the precise number of class members be known: "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Lit.,* 95 F.R.D. 321 (E.D.N.Y. 1982); *Lewis v. Gross,* 663 F.Supp. 1164, 1169 (E.D.N.Y. 1986). The Court

may "make common sense assumptions in order to find support for numerosity." *Evans v. United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir. 1983). "The court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential to most cases in order to reach a class determination. . . . Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 *Newberg on Class Actions* (3d ed. 1995), §7.22.

27.    In the present case, Plaintiff alleges, based on the number of known instances of the conduct complained of on the part of LVNV and Resurgent, that there are more than 40 members of the class, making them so numerous that joinder is impracticable.

28.    While discovery will be needed to determine the precise class size, it is reasonable to infer that numerosity is satisfied. *Wood River Area Dev. Corp.,* 198 Ill. App. 3d at 450, 555 N.E.2d at 1153 (concurring with a leading scholar's assertion that a class size of 40 clearly satisfies numerosity and that a class size of 25 likely satisfies numerosity); *Swiggett v. Watson,* 441 F.Supp. 254, 256 (D.Del. 1977) (an action challenging transfers of title pursuant to Delaware motor vehicle repairer's lien, the fact the Department of Motor Vehicles issued printed forms for such transfer was in of itself sufficient to show that the numerosity requirement was satisfied); *Westcott v. Califano*, 460 F. Supp. 737, 744 (D.Mass. 1978) (in action challenging certain welfare policies, existence of policies and 148 families who were denied benefits to which policies applied sufficient to show numerosity, even though it was impossible to identify which of 148 families were denied benefits because of policies complained of); *Carr v. Trans Union Corp., supra* (Fair Debt Collection Practices Act class certified regarding defendant Trans Union's transmission of misleading collection notices to consumers in which court inferred numerosity from the use of form letters); *Colbert v. Trans Union Corp., supra* (same).

**B.**      **Common Questions and Predominance**

29.      A common question may be shown when the claims of the individual members of the class are based on the common application of a statute or they were aggrieved by the same or similar misconduct. *McCarthy v. La Salle Nat'l Bank & Trust Co.,* 230 Ill. App. 3d 628, 634, 595 N.E.2d 149, 153 (1st Dist.1992).

30.      In the present case, the predominant common questions are:

        a.      Whether Defendants engage in the practice described;

        b.      Whether the practice violate the FDCPA.

31.      Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met." *Franklin v. City of Chicago,* 102 F.R.D. 944, 949 (N.D. Ill. 1984).

32.      The only individual issue is the identification of the class members, a matter easily ascertainable from the files of LVNV, Resurgent, and its collection attorneys.

33.      Questions readily answerable from a party's files do not present an obstacle to class certification. *Heastie v. Community Bank,* 125 F.R.D. 669 (N.D.Ill. 1989) (court found that common issues predominated where individual questions of injury and damages could be determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank").

**C.**      **Adequacy of Representation**

34.      The class action statute requires that the class representative provide fair and adequate protection for the interests of the class.  That protection involves two factors:  (a) the attorney for the class must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the representative must not have interests antagonistic to those of the class. *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992).

35.      Plaintiff understands the obligations of a class representative, and has retained experienced counsel, as is indicated by Exhibit H, which sets forth counsel's qualifications.

-11-

36. There are no conflicts between Plaintiff and the class members.

**D.     Appropriateness of Class Action**

37. Efficiency is the primary focus in determining whether the class action is an appropriate method for resolving the controversy presented. *Eovaldi v. First Nat'l Bank,* 57 F.R.D. 545 (N.D.Ill. 1972). It is proper for a court, in deciding this issue, to consider the ". . . inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.,* 503 F.2d 1161, 1165 (7th Cir. 1974).

38. In this case there is no better method available for the adjudication of the claims which might be brought by each individual consumer. The vast majority of consumers are undoubtedly unaware that their rights are being violated. In addition, the modest size of the claims makes it unlikely that consumers would be able to pay to retain counsel to protect their rights on an individual basis.

39. The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . .

*In re Folding Carton Antitrust Lit.,* 75 F.R.D. 727, 732 (N.D.Ill. 1977) (citations omitted).)   Another court noted:

> Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller and Kane have discussed, in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see e.g., *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 809 (1985) ('Class actions...may permit the plaintiff to pool claims which would be uneconomical to litigate individually.') The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.

-12-

*Lake v. First Nationwide Bank*, 156 F.R.D. 615 at 628, 629 (E.D.Pa 1994).

## **CONCLUSION**

40.    The Court should certify the action as a class action.

Respectfully submitted,

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Dulijaza (Julie) Clark (ARDC 6273353)
Julia Ozello (ARDC 6336504)
**EDELMAN, COMBS, LATTURNER**
**& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

-13-

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, certify that I had a copy of this document placed for service with the complaint.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Dulijaza (Julie) Clark (ARDC 6273353)
Julia Ozello (ARDC 6336504)
**EDELMAN, COMBS, LATTURNER**
**& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)

-14-

# EXHIBIT A



# FRONTLINE

2700 Snelling Ave N
Ste 250
Roseville, MN 55113
Hours of Operation:
M-Th 7am-9pm CST, Fri 7am-8pm CST,
Sat 8am-12pm CST
Toll Free 877-258-1590
Web www.frontline.com
Payment Site www.payfrontline.com

PATRICK KELLER

| LAST 4 | Current Creditor | Original Credito | Original Creditor # | Total Due |
|--------|------------------|------------------|---------------------|-----------|
| | LVNV Funding, LLC | | | |

Date: 04/29/2019

Dear Patrick Keller:

Your account has been placed with our office for collection. You owe [redacted]

We are here to help. You may pay online at www.payfrontline.com, use Live Chat from our website www.frontlineas.com or call us at 877-258-1590.

Sincerely,
Troy Trainr
877-258-1590
Frontline Asset Strategies, LLC

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office, in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**PLEASE SEE REVERSE SIDE / ADDITIONAL PAGES FOR IMPORTANT CONSUMER NOTICES**

This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

# **EXHIBIT B**



5/20/19
Patrick M Keller

Front Line Asset Strategies
2700 Snelling Ave N
Roseville, MN 55113

This Letter Is Sent In Response To A Letter Enclosed
Sent To Me On 4/29/19. I Am Requesting That You Provide
Validation Of This Debt Including Proof That You Own This
Debt. If You Do Not Comply With This Request, I Will
Immediately File A Complaint With The Federal Trade
Commission And The Illinois Attorney General's Office.
Civil And Criminal Claims Will Be Pursued.
Sincerely,

# EXHIBIT C



**RESURGENT**
Capital Services

Please read the following important notices as they may affect your rights.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

Hours of Operation
8:00AM-9:00PM EST
Monday – Thursday
8:00AM-8:00PM EST
Friday

Address
PO Box 10497
Greenville, SC 29603

Contact Numbers
Toll Free Phone
1-866-464-1187
Toll Free Fax
1-866-467-0960

Customer Portal
Portal.Resurgent.com

## ACCOUNT SUMMARY REPORT
6/5/2018 4:13:11 PM

This account summary has been prepared by Resurgent Capital Services on behalf of LVNV Funding LLC.
It is not a credit card or other account statement from the original creditor.

| Borrower Information | Current Account Information |
|---|---|
| **Name:** PATRICK KELLER | **Owner:** LVNV Funding LLC |
| **Address:** ▮▮▮▮ | **Resurgent Reference #:** |
| **City:** ▮▮▮▮ | **Original Creditor:** |
| **State:** ▮ | **Account Number:** ▮▮▮▮ |
| **Zip Code:** ▮▮▮▮ | **Current Balance Due:** |
| | **Date of Last Payment:** 15/35/2018 |

### Historical Account Information

The original creditor for this account was: ▮▮▮▮

The origination date with original creditor was: ▮▮▮
The account charge-off date was: ▮▮▮
The account charge-off amount was: ▮▮▮
The account was acquired on or about: ▮▮▮
The account balance at time of acquisition: ▮▮

This communication is from a debt collector and this is an attempt to collect a debt. Any information obtained will be used for that purpose.

Page 1 of 1

# **EXHIBIT D**

# EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
## 20 S. Clark Street, Suite 1500
## Chicago, Illinois 60603-1824
## (312) 739-4200
## (800) 644-4673
## (312) 419-0379 (FAX)
## Email: info@edcombs.com
## www.edcombs.com

June 25, 2019

**VIA FACSIMILE to (866) 467-0960**

Resurgent Capital Services L.P.
4010 Oak Ave.
McHenry, IL 60050

Re:     Patrick Keller     Ref. ID: █████████

Ladies/ Gentlemen:

Please be advised that we represent the above individual and that our client disputes the claimed debt(s) you are attempting to collect. Please provide any contract or agreement signed by our client and an account history showing what this debt is, how you arrived at the conclusion that our client owes the amounts claimed and when this alleged debt(s) was charged off.

We are concerned that the debt may include inappropriate and unauthorized interest, fees and charges, including interest for periods after chargeoff that the holder of the debt at the time did not assess and that were added later.

Furthermore, you are hereby requested, as required by the Uniform Commercial Code, to provide proof that you or your principal is in fact the assignee of the debt(s) described above and that you are legally authorized to attempt to collect the claimed debt(s) from our client.

Unless and until such proof is furnished, we do not recognize any right on your part to attempt to collect any amount from our client through any means, including credit reporting, and you are advised that our client **refuses to pay** and requests **cessation of further communications.**

Any and all consents that our client may have given for communications to cellular telephones are hereby revoked.

Thank you.

Sincerely,

Daniel A. Edelman

bcc client

# EXHIBIT E

```
TRANSMISSION VERIFICATION REPORT
```

```
                                         TIME : 07/01/2019 10:57
                                         NAME : ECLG SEND
                                         FAX  : 2
                                         TEL  : 3124190015
                                         SER.# : BROL9J992598
```

```
DATE,TIME              07/01  10:57
FAX NO./NAME           918664670960
DURATION               00:00:24
PAGE(S)                01
RESULT                 OK
MODE                   STANDARD
                       ECM
```

# EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
### 20 S. Clark Street, Suite 1500
### Chicago, Illinois 60603-1824
### (312) 739-4200
### (800) 644-4673
### (312) 419-0379 (FAX)
### Email: info@edcombs.com
### www.edcombs.com
July 1, 2019

**VIA FACSIMILE to (866) 467-0960**

Resurgent Capital Services L.P.
PO Box 10497
Greenville, SC 29603

          Re:    Patrick Keller   Ref. ID: ▮▮▮▮▮

Ladies/ Gentlemen:

          Please be advised that we represent the above individual and that our client disputes the claimed debt(s) you are attempting to collect. Please provide any contract or agreement signed by our client and an account history showing what this debt is, how you arrived at the conclusion that our client owes the amounts claimed and when this alleged debt(s) was charged off.

          We are concerned that the debt may include inappropriate and unauthorized interest, fees and charges, including interest for periods after chargeoff that the holder of the debt at the time did not assess and that were added later.

          Furthermore, you are hereby requested, as required by the Uniform Commercial Code, to provide proof that you or your principal is in fact the assignee of the debt(s) described above and that you are legally authorized to attempt to collect the claimed debt(s) from our client.

          Unless and until such proof is furnished, we do not recognize any right on your part

# EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
### 20 S. Clark Street, Suite 1500
### Chicago, Illinois 60603-1824
### (312) 739-4200
### (800) 644-4673
### (312) 419-0379 (FAX)
### Email: info@edcombs.com
### www.edcombs.com

July 1, 2019

**VIA FACSIMILE to (866) 467-0960**

Resurgent Capital Services L.P.
PO Box 10497
Greenville, SC 29603

Re: **Patrick Keller** **Ref. ID:** ▉▉▉▉

Ladies/ Gentlemen:

Please be advised that we represent the above individual and that our client disputes the claimed debt(s) you are attempting to collect. Please provide any contract or agreement signed by our client and an account history showing what this debt is, how you arrived at the conclusion that our client owes the amounts claimed and when this alleged debt(s) was charged off.

We are concerned that the debt may include inappropriate and unauthorized interest, fees and charges, including interest for periods after chargeoff that the holder of the debt at the time did not assess and that were added later.

Furthermore, you are hereby requested, as required by the Uniform Commercial Code, to provide proof that you or your principal is in fact the assignee of the debt(s) described above and that you are legally authorized to attempt to collect the claimed debt(s) from our client.

Unless and until such proof is furnished, we do not recognize any right on your part to attempt to collect any amount from our client through any means, including credit reporting, and you are advised that our client **refuses to pay** and requests **cessation of further communications.**

Any and all consents that our client may have given for communications to cellular telephones are hereby revoked.

Thank you.

Sincerely,

Daniel A. Edelman

# **EXHIBIT F**

UNITED COLLECTION BUREAU, INC.    WWW.UCBINC.COM    December 21, 2020
5620 SOUTHWYCK BLVD
TOLEDO OH 43614    1-877-455-8121

PATRICK KELLER
20 S CLARK ST STE 1500
CHICAGO IL 60603-1824

Current Creditor:    LVNV FUNDING LLC
Last Four Digits of Current Creditor Account Number:
Original Creditor:
Last Four Digits of Original Creditor Account Number:
Original Creditor Address:
United Collection Bureau, Inc. Reference Number:
Account Balance:

The above referenced account has been placed with our office for collection. We are authorized to offer you a settlement in the amount of ███████. We are not obligated to renew this offer.

🖥 Pay online: WWW.UCBINC.COM   📞 Pay by phone: 1-877-455-8121   🎧 Speak with an agent: 1-844-280-7655

📱 To authorize us to communicate with you via text messages, please text "TEXT" to 833-999-1828 from the phone to which you authorize us to send you text messages; text messaging rates may apply.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt by United Collection Bureau, Inc., a debt collector, and any information obtained will be used for that purpose.

**SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

83CU027000ADH

**PLEASE RETURN THIS PORTION WITH PAYMENT. DO NOT ATTACH CHECK TO STUB.**

| Current Creditor: | LVNV FUNDING LLC |
| Last Four Digits of Current Creditor Accnt. No: | |
| Original Creditor: | |
| Last Four Digits of Original Creditor Accnt No.: | |
| Account Balance: | |
| United Collection Bureau, Inc. Reference No: | |
| Toll Free: | 1-877-455-8121 |

CU027000
PO Box 1280
Oaks PA  19456-1280
ADDRESS SERVICE REQUESTED

December 21, 2020

REMIT TO:

UNITED COLLECTION BUREAU, INC.
PO BOX 1116
MAUMEE OH 43537-8116

PATRICK KELLER
20 S CLARK ST
STE 1500
CHICAGO IL 60603-1824

689174085

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.

If you have a concern about the way we are collecting this debt, please email us at UCBCompliance@ucbinc.com or please call our toll-free Consumer Service Hotline at 1-866-209-0622.

We are required under state and city law to notify consumers of the following rights. This list does not include all rights consumers have under state, city, and federal law.

**THE STATE OF CALIFORNIA REQUIRES THAT WE FURNISH RESIDENTS OF CALIFORNIA WITH THE FOLLOWING INFORMATION:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Nonprofit credit counseling services may be available in the area. For the purposes of collecting this debt, we may collect personal information about you including your name, social security number, employment information, information concerning your financial ability to pay this debt, bank and credit card account information, your location and other contact information including your telephone number and email address, and any information you provide through our website including your ip address. A copy of our privacy policy may be found at www.ucbinc.com.

**THE STATE OF COLORADO REQUIRES THAT WE FURNISH RESIDENTS OF COLORADO WITH THE FOLLOWING INFORMATION:** FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE HTTPS://COAG.GOV/OFFICE-SECTIONS/CONSUMER-PROTECTION/CONSUMER- CREDIT-UNIT/COLLECTION-AGENCY-REGULATION/. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. Payments can be made in person at: Colorado Manager, Inc., 8690 Wolff Court, Suite 110, Westminster, Colorado 80031, 303-920-4763.

**THE STATE OF IDAHO REQUIRES THAT WE FURNISH RESIDENTS OF IDAHO WITH THE FOLLOWING INFORMATION:** Toll Free 1-866-209-0622 during normal business hours.

**THE STATE OF KANSAS REQUIRES THAT WE FURNISH RESIDENTS OF KANSAS WITH THE FOLLOWING INFORMATION:** An investigative consumer report, which includes information as to your character, general reputation, personal characteristics and mode of living, may have been requested. You have the right to request additional information, which includes the nature and scope of the investigation.

**THE STATE OF MAINE REQUIRES THAT WE FURNISH RESIDENTS OF MAINE WITH THE FOLLOWING INFORMATION:** Hours of operation (ET): Monday through Thursday, 8:00 a.m. to 8:00 p.m.; Friday, 8:00 a.m. to 5:00 p.m.

**THE STATE OF MASSACHUSETTS REQUIRES THAT WE FURNISH RESIDENTS OF MASSACHUSETTS WITH THE FOLLOWING INFORMATION:** You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector. .Hours of operation (ET): Monday through Thursday, 8:00 a.m. to 8:00 p.m.; Friday, 8:00 a.m. to 5:00 p.m.

**THE STATE OF MINNESOTA REQUIRES THAT WE FURNISH RESIDENTS OF MINNESOTA WITH THE FOLLOWING INFORMATION:** This collection agency is licensed by the Minnesota Department of Commerce.

**THE CITY OF NEW YORK REQUIRES THAT WE FURNISH RESIDENTS OF NEW YORK CITY WITH THE FOLLOWING INFORMATION:** New York City Department of Consumer Affairs License Number 1004887. This collection agency conducts business primarily in English. However, we may employ foreign language speakers from time to time and may accommodate verbal communication in a foreign language when appropriate staff is available. Some, but not all, standard written communications produced by us may be available in Spanish. A translation and description of commonly-used debt collection terms is available in multiple languages on the New York City Department of Consumer Affair's website, www.nyc.gov/dca.

**THE STATE OF NORTH CAROLINA REQUIRES THAT WE FURNISH RESIDENTS OF NORTH CAROLINA WITH THE FOLLOWING INFORMATION:** North Carolina Permit Numbers: 101866, 113029, 3843, 113517, and 4367.

**THE STATE OF TENNESSEE REQUIRES THAT WE FURNISH RESIDENTS OF TENNESSEE WITH THE FOLLOWING INFORMATION:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**THE STATE OF WISCONSIN REQUIRES THAT WE FURNISH RESIDENTS OF WISCONSIN WITH THE FOLLOWING INFORMATION:** This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.

UCBV21 09.10.20

**PRIVACY NOTICE**

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Resurgent Companies"). It describes the general policy of the Resurgent Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Resurgent Capital Services L.P. | LVNV Funding, LLC | Ashley Funding Services LLC |
| Resurgent Acquisitions LLC | PYOD LLC | SFG REO, LLC |
| Resurgent Receivables LLC | Pinnacle Credit Services, LLC | CACV of Colorado, LLC |
| Resurgent Funding LLC | Sherman Originator LLC | Anson Street LLC |
| CACH, LLC | Sherman Originator III LLC | Sherman Acquisition L.L.C. |

**Information We May Collect**. The Resurgent Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Resurgent Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Resurgent Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.

**Sharing Collected Information with Third Parties** The Resurgent Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collections Practices Act and applicable state law.

680174085

# EXHIBIT G

# DYNAMIC
## RECOVERY SOLUTIONS

Dynamic Recovery Solutions, LLC
135 Interstate Blvd., Greenville, SC 29615
Hours of Operation: Monday - Friday, 8am - 8pm EST

| | |
|---|---|
| Original Creditor: | |
| Original Account Number: | |
| Current Creditor: | LVNV Funding, LLC |
| Reference Number: | |
| DRS Reference Number: | |
| Total Outstanding Balance: | |

Dear Patrick Keller,

We did not receive a response from our previous letter regarding the above referenced account. In order to assist you in resolving this debt, we can offer the following options:

① You may resolve your account for ▮▮▮▮ in 3 payments of ▮▮▮▮ and a final payment of ▮▮▮▮. To accept, make your first payment by February 2, 2022. We are not obligated to renew this offer. To comply with this offer, payments should be no more than 30 days apart. Upon receipt and clearance of these 3 payments, this account will be considered satisfied and closed. A satisfaction letter will be issued to you at that time. or

② The offers listed above are not your only options. If you are unable to accept one of the offers, we can work with you, regardless of your current financial position. Please contact our office to discuss your options.

## Customer Service: 833-323-0687 • TTY: 800-877-8339

## http://www.drscustomerportal.com/

## PO BOX 25759, GREENVILLE, SC 29616-0759

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

# EXHIBIT H

IN THE CIRCUIT COURT OF THE 22D JUDICIAL CIRCUIT
MCHENRY COUNTY, ILLINOIS

PATRICK KELLER,                                )
on behalf of Plaintiff and a class,            )
                                               )
                    Plaintiff,                 )
                                               )
          vs.                                  )
                                               )
LVNV FUNDING LLC; and                          )
RESURGENT CAPITAL SERVICES, LP,                )
                                               )
                    Defendants.                )

## DECLARATION OF DANIEL A. EDELMAN

Daniel A. Edelman declares under penalty of perjury, as provided for by 735 ILCS 5/1-109, that the following statements are true:

1.      Edelman, Combs, Latturner & Goodwin, LLC, has 5 principals, Daniel A. Edelman, Tara L. Goodwin, Julie Clark, Heather Kolbus, and Cassandra P. Miller, and four associates. Member James O. Latturner retired in 2020 and Cathleen M. Combs at the end of 2021.

2.      **Daniel A. Edelman** is a 1976 graduate of the University of Chicago Law School. From 1976 to 1981 he was an associate at the Chicago office of Kirkland & Ellis with heavy involvement in the defense of consumer class action litigation (such as the General Motors Engine Interchange cases). In 1981 he became an associate at Reuben & Proctor, a medium-sized firm formed by some former Kirkland & Ellis lawyers, and was made a partner there in 1982. From the end of 1985 he has been in private practice in downtown Chicago. Virtually all of his practice involves litigation on behalf of consumers, through both class and individual actions. He is the author of the chapters on the "Fair Debt Collection Practices Act," "Truth in Lending Act," and "Telephone Consumer Protection Act" in *Illinois Causes of Action* (Ill. Inst. For Cont. Legal Educ. 2020 and earlier editions), author of the chapter on the Telephone Consumer Protection Act in *Federal Deception Law* (National Consumer Law Center 2013 Supp.), author of *Collection Litigation: Representing the Debtor* (Ill. Inst. Cont. Legal Educ. 2008, 2011, 2014, 2019), and *Collection Litigation: Representing the Debtor* (Ill. Inst. Cont. Legal Educ. 2014); author of Chapter 5, "Predatory Lending and Potential Class Actions," in *Real Estate Litigation* (Ill. Inst. For Cont. Legal Educ. 2020 and earlier editions), co-author of Rosmarin & Edelman, *Consumer Class Action Manual* (2d-4th editions, National Consumer Law Center 1990, 1995 and 1999); author of *Representing Consumers in Litigation with Debt Buyers* (Chicago Bar Ass'n 2008); *Predatory Mortgage Lending* (Ill. Inst. for Cont. Legal. Educ. 2008, 2011), author of Chapter 6, "Predatory Lending and Potential Class Actions," in *Real Estate Litigation* (Ill. Inst. For Cont. Legal Educ. 2004, 2008, 2014), *Illinois Consumer Law*, in Consumer Fraud and Deceptive Business Practices Act and Related Areas Update (Chicago Bar Ass'n 2002); *Payday Loans: Big Interest Rates and Little Regulation*, 11 Loy.Consumer L.Rptr. 174 (1999); author of *Consumer Fraud and Insurance Claims*, in Bad Faith and Extracontractual Damage Claims in Insurance Litigation, Chicago Bar Ass'n 1992; co-author of Chapter 8, "Fair Debt Collection Practices Act," *Ohio Consumer Law* (1995 ed.); co-author of *Fair Debt Collection: The Need for Private Enforcement*, 7 Loy.Consumer L.Rptr. 89 (1995); author of *An Overview of The Fair Debt Collection Practices Act*, in Financial Services Litigation, Practicing Law Institute (1999); co-author of *Residential Mortgage Litigation*, in Financial

-1-

Services Litigation, Practicing Law Institute (1996); author of *Automobile Leasing: Problems and Solutions*, 7 Loy.Consumer L.Rptr. 14 (1994); author of *Current Trends in Residential Mortgage Litigation*, 12 Rev. of Banking & Financial Services 71 (April 24, 1996); co-author of *Illinois Consumer Law* (Chicago Bar Ass'n 1996); co-author of D. Edelman and M. A. Weinberg, *Attorney Liability Under the Fair Debt Collection Practices Act* (Chicago Bar Ass'n 1996); and author of *The Fair Debt Collection Practices Act: Recent Developments*, 8 Loy.Consumer L. Rptr. 303 (1996), among others. Mr. Edelman is also a frequent speaker on consumer law topics for various legal organizations including the Chicago Bar Association, the National Consumer Law Center's Consumer Rights Litigation Conference, and the Illinois Institute for Continuing Legal Education, and he has testified on behalf of consumers before the Federal Trade Commission and the Illinois legislature. He is a member of the Illinois bar and admitted to practice in the following courts: United States Supreme Court, Seventh Circuit Court of Appeals, First Circuit Court of Appeals, Second Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, Sixth Circuit Court of Appeals, Eighth Circuit Court of Appeals, Ninth Circuit Court of Appeals, Tenth Circuit Court of Appeals, Eleventh Circuit Court of Appeals, United States District Courts for the Northern and Southern Districts of Indiana, United States District Courts for the Northern, Central, and Southern Districts of Illinois, United States District Courts for the Eastern and Western Districts of Wisconsin, and the Supreme Court of Illinois. He is a member of the Northern District of Illinois trial bar.

3. **Cathleen M. Combs** (retired December 2021) is a 1976 graduate of Loyola University Law School. From 1984-1991, she supervised the Northwest office of the Legal Assistance Foundation of Chicago, where she was lead or co-counsel in class actions in the areas of unemployment compensation, prison law, social security law, and consumer law. She joined what is now Edelman, Combs, Latturner & Goodwin, LLC in early 1991 and became a named partner in 1993. Ms. Combs received an Award for Excellence in Pro Bono Service from the Judges of the United States District Court for the Northern District of Illinois and the Chicago Chapter of the Federal Bar Association on May 18, 2012. Ms. Combs has argued over fifteen cases in the 1st, 3rd and 7th Circuit Court of Appeals and the Illinois Appellate Court, and she is a frequent speaker on consumer law topics at various legal organizations including the Chicago Bar Association, the National Consumer Law Center's Consumer Rights Litigation Conferences, and the Practicing Law Institute's Consumer Financial Services Institute. Ms. Combs is coauthor of *The Bankruptcy Practitioner's Guide to Consumer Financial Services Actions After the Subprime Mortgage Crisis* (LRP Publications 2010). Her reported decisions include: *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014) (en banc); *Siwulec v. J.M. Adjustment Servs., LLC*, 465 Fed. Appx. 200 (3d Cir. 2012); *Nielsen v. Dickerson*, 307 F.3d 623 (7th Cir. 2002); *Chandler v. American General Finance, Inc.*, 329 Ill. App.3d 729, 768 N.E.2d 60 (1st Dist. 2002); *Miller v. McCalla Raymer*, 214 F.3d 872 (7th Cir. 2000); *Bessette v. Avco Financial Services*, 230 F.3d 439 (1st Cir. 2000); *Emery v. American Gen. Fin., Inc.*, 71 F.3d 1343 (7th Cir. 1995); *McDonald v. Asset Acceptance, LLC*, 296 F.R.D. 513 (E.D.Mich. 2013); and *Tocco v. Real Time Resolutions*, 48 F.Supp.3d 535 (S.D.N.Y. 2014). She is a member of the Illinois bar and admitted to practice in the following courts: United States District Courts for the Northern, Central and Southern Districts of Illinois, United States District Courts for the Northern and Southern Districts of Indiana, Seventh Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, and Tenth Circuit Court of Appeals. She is a member of the Northern District of Illinois trial bar.

4. **James O. Latturner** (retired 2020) is a 1962 graduate of the University of Chicago Law School. Until 1969, he was an associate and then a partner at the Chicago law firm of Berchem, Schwanes & Thuma. From 1969 to 1995 he was Deputy Director of the Legal Assistance Foundation of Chicago, where he specialized in consumer law, including acting as lead counsel in over 30 class actions. His publications include Chapter 8 ("Defendants") in *Federal Practice Manual for Legal Services Attorneys* (M. Masinter, Ed., National Legal Aid and Defender Association 1989);

-2-

*Governmental Tort Immunity in Illinois*, 55 Ill.B.J. 29 (1966); *Illinois Should Explicitly Adopt the Per Se Rule for Consumer Fraud Act Violations*, 2 Loy.Consumer L.Rep. 64 (1990), and *Illinois Consumer Law* (Chicago Bar Ass'n 1996). He has taught in a nationwide series of 18 Federal Practice courses sponsored by the Legal Services Corporation, each lasting four days and designed for attorneys with federal litigation experience. He has argued over 30 appeals, including two cases in the United States Supreme Court, three in the Illinois Supreme Court, and numerous cases in the Seventh, Third, Fifth, and Eleventh Circuits. Mr. Latturner was involved in many of the significant decisions establishing the rights of Illinois consumers. He is a member of the Northern District of Illinois trial bar.

5.      **Tara L. Goodwin** is a graduate of the University of Chicago (B.A., with general honors, 1988) and Illinois Institute of Technology, Chicago-Kent College of Law (J.D., with high honors,1991). Ms. Goodwin was Chair of the Chicago Bar Association's Consumer Law Committee from 2007 - 2010, and she has previously been on the faculty of the Practicing Law Institute's Consumer Financial Services Institute in Chicago, speaking on issues relating to the Fair Debt Collection Practices Act and mortgage litigation. Ms. Goodwin spoke at the 2016 Conference on Consumer Finance Law on mortgage servicing issues. Ms. Goodwin has also been a frequent speaker at the Chicago Bar Association, speaking on topics such as how to assist consumers with credit reporting problems, developments in class action law and arbitration agreements in consumer contracts. **Reported Cases.** *Aleksic v. Experian Information Solutions, Inc.*, 13cv7802, 2014 WL 2769122, 2014 U.S. Dist. LEXIS 83086 (N.D.Ill. June 18, 2014); *Taylor v. Screening Reports, Inc.*, 13cv2886, 2015 WL 4052824, 2015 U.S. Dist. LEXIS 86262 (N.D.Ill. July 2, 2015); *Williams v. Chartwell Financial Services, Ltd.*, 204 F.3d 748 (7th Cir. 2000); *Hillenbrand v. Meyer Medical Group*, 288 Ill.App.3d 871, 682 N.E.2d 101 (1st Dist. 1997), later opinion, 308 Ill.App.3d 381, 720 N.E.2d 287 (1st Dist. 1999); *Bessette v. Avco Fin. Servs.*, 230 F.3d 439 (1st Cir. 2000); *Large v. Conseco Fin. Servicing Co.*, 292 F.3d 49 (1st Cir. 2002); *Flippin v. Aurora Bank, FSB*, 12cv1996, 2012 WL 3260449 , 2012 U.S. Dist. LEXIS 111250 (N.D.Ill. Aug. 8, 2012); *Henry v. Teletrack, Inc.*, 11cv4424, 2012 WL 769763, 2012 U.S. Dist. LEXIS 30495 (N.D.Ill. March 7, 2012); *Kesten v. Ocwen Loan Servicing, LLC*, 11cv 6981, 2012 WL 426933, 2012 U.S. Dist. LEXIS 16917 (N.D.Ill. Feb. 9, 2012); *Bunton v. Cape Cod Village, LLC*, 09cv1044, 2009 WL 2139441, 2009 U.S. Dist. LEXIS 57801 (C.D.Ill. July 6, 2009); *Wilson v. Harris N.A.*, 06cvJuly 9, 20205840, 2007 WL 2608521, 2007 U.S. Dist. LEXIS 65345 (N.D.Ill. Sept. 4, 2007); *Carbajal v. Capital One*, 219 F.R.D. 437 (N.D.Ill. 2004); *Russo v. B&B Catering*, 209 F.Supp.2d 857 (N.D.Ill. 2002); *Romaker v. Crossland Mtg. Co.*, 94cv3328, 1996 WL 254299, 1996 U.S.Dist. LEXIS 6490 (N.D.Ill. May 10, 1996); *Mount v. LaSalle Bank Lake View*, 926 F.Supp. 759 (N.D.Ill 1996). Ms. Goodwin is a member of the Illinois bar and is admitted in the Seventh, First, and D.C. Circuit Courts of Appeals, and the United States District Courts for the Northern and Central Districts of Illinois, and the Northern District of Indiana. She is also a member of the Northern District of Illinois trial bar.

6.      **Julie Clark** (née Cobalovic) is a graduate of Northern Illinois University (B.A., 1997) and DePaul University College of Law (J.D., 2000). **Reported Cases:** *Ballard RN Center, Inc. v. Kohl's Pharmacy and Homecare, Inc.*, 2015 IL 118644, 48 N.E.3d 1060 (Ill.Sup.Ct.) ; *Record-A-Hit, Inc. v. Nat'l. Fire Ins. Co.*, 377 Ill. App. 3d 642; 880 N.E.2d 205 (1st Dist. 2007); *Qualkenbush v. Harris Trust & Savings Bank*, 219 F. Supp.2d 935 (N.D.Ill. 2002); *Covington-McIntosh v. Mount Glenwood Memory Gardens*, 00cv186, 2002 WL 31369747, 2002 U.S. Dist. LEXIS 20026 (N.D.Ill., Oct. 21, 2002), later opinion, 2003 WL 22359626, 2003 U.S. Dist. LEXIS 18370 (N.D.Ill. Oct. 15, 2003); *Western Ry. Devices Corp. v. Lusida Rubber Prods.*, 06cv52, 2006 WL 1697119, 2006 U.S. Dist. LEXIS 43867 (N.D.Ill. June 13, 2006); *Nautilus Ins. Co. v. Easy Drop Off, LLC*, 06cv4286, 2007 U.S. Dist. LEXIS 42380 (N.D.Ill. June 4, 2007); *Ballard Nursing Center, Inc. v. GF Healthcare Products, Inc.*, 07cv5715, 2007 WL 3448731, 2007 U.S. Dist. LEXIS 84425 (N.D.Ill. Nov. 14, 2007); *Sadowski v. Med1 Online, LLC*, 07cv2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill. May 17, 2008); *Sadowski v. OCO Biomedical, Inc.*, 08cv3225, 2008 WL 5082992, 2008 U.S. Dist. LEXIS 96124 (N.D.Ill. Nov. 25, 2008); *ABC Bus.*

*Forms, Inc. v. Pridamor, Inc.*, 09cv3222, 2009 WL 4679477, 2009 U.S. Dist. LEXIS 113847 (N.D.Ill. Dec. 1, 2009); *Glen Ellyn Pharmacy v. Promius Pharma, LLC*, 09cv2116, 2009 WL 2973046, 2009 U.S. Dist. LEXIS 83073 (N.D.Ill. Sept. 11, 2009); *Garrett v. Ragle Dental Lab., Inc.*, 10cv1315, 2010 WL 4074379, 2010 U.S. Dist. LEXIS 108339 (N.D.Ill. Oct. 12, 2010); *Garrett v. Sharps Compliance, Inc.*, 10cv4030, 2010 WL 4167157, 2010 U.S. Dist. LEXIS 109912 (N.D.Ill. Oct. 14, 2010).

7. **Heather A. Kolbus** (neé Piccirilli) is a graduate of DePaul University (B.S. *cum laude*, 1997), and Roger Williams University School of Law (J.D., 2002). **Reported Cases:** *Clark v. Experian Info. Solutions, Inc.*, 8:00cv1217-22, 2004 WL 256433, 2004 U.S. Dist. LEXIS 28324 (D.S.C., Jan. 14, 2004); *DeFrancesco v. First Horizon Home Loan Corp.*, 06cv0058, 2006 WL 3196838, 2006 U.S. Dist. LEXIS 80718 (S.D.Ill. Nov. 2, 2006); *Jeppesen v. New Century Mortgage Corp.*, 2:05cv372, 2006 WL 3354691, 2006 U.S. Dist. LEXIS 84035 (N.D.Ind. Nov. 17, 2006); *Benedia v. Super Fair Cellular, Inc.*, 07cv1390, 2007 WL 2903175, 2007 U.S. Dist. LEXIS 71911 (N.D.Ill. Sept. 26, 2007); *Gonzalez v. Codilis & Assocs., P.C.*, 03cv2883, 2004 WL 719264, 2004 U.S. Dist. LEXIS 5463 (N.D.Ill. March 30, 2004); *Centerline Equipment Corp. v. Banner Personnel Svc., Inc.*, 07cv1611, 2009 WL 1607587, 2009 U.S. Dist. LEXIS 48092 (N.D.Ill. June 9, 2009); *R. Rudnick & Co. v. G.F. Protection, Inc.*, 08cv1856, 2009 WL 112380, 2009 U.S. Dist. LEXIS 3152 (N.D.Ill. Jan. 15, 2009); *Pollack v. Cunningham Financial Group, LLC*, 08cv1405, 2008 WL 4874195, 2008 U.S. Dist. LEXIS 4166 (N.D.Ill. June 2, 2008); *Pollack v. Fitness Innovative Techs., LLC*, 08 CH 03430, 2009 WL 506280, 2009 TCPA Rep. 1858 (Ill. Cir. Ct., Jan. 14, 2009); *R. Rudnick & Co. v. Brilliant Event Planning, Inc.*, No. 09 CH 18924, 2010 WL 5774848, 2010 TCPA Rep. 2099 (Ill. Cir. Ct., Nov. 30, 2010).

8. **Cassandra P. Miller** is a graduate of the University of Wisconsin − Madison (B.A. 2001) and John Marshall Law School (now University of Illinois Chicago School of Law) (J.D. *magna cum laude* 2006). **Reported Cases:** *Pietras v. Sentry Ins. Co.*, 513 F.Supp.2d 983 (N.D.Ill. 2007); *Hernandez v. Midland Credit Mgmt.*, 04cv7844, 2007 WL 2874059, 2007 U.S. Dist. LEXIS 16054 (N.D.Ill. Sept. 25, 2007); *Balogun v. Midland Credit Mgmt.*, 1:05cv1790, 2007 WL 2934886, 2007 U.S. Dist. LEXIS 74845 (S.D.Ind. Oct. 5, 2007); *Herkert v. MRC Receivables Corp.*, 655 F. Supp. 2d 870 (N.D.Ill. 2008); *Miller v. Midland Credit Management, Inc.*, 08cv780, 2009 WL 528796, 2009 U.S. Dist. LEXIS 16273 (N.D.Ill. March 2, 2009); *Frydman v. Portfolio Recovery Associates, LLC*, 11cv524, 2011 WL 2560221, 2011 U.S. Dist. LEXIS 69502 (N.D.Ill. June 28, 2011).

9. **Associates:**

a. **Carly Roman (formerly Cengher)** is a graduate of the University of Oregon (B.A., 2011), the University of California (M.A., 2015), and the University of New Hampshire School of Law (J.D. 2019). She is a member of the Illinois Bar.

b. **Stephen J. Pigozzi** is a graduate of the University of Wisconsin - Madison (B.A. 2007) and Chicago-Kent College of Law (J.D. 2018). He is a member of the Illinois Bar.

c. **Julia Ozello** is a graduate of the University of Chicago (B.A. 2016) and Case Western University School of Law (J.D. 2020). She is a member of the Illinois Bar.

d. **Matthew J. Goldstein** is a graduate of Lake Forest College (B.A., *magna cum laude*, 2018) and the University of Illinois Chicago School of Law (J.D., May 2021). He is a member of the Illinois Bar.

10. The firm also has a dozen legal assistants and support staff.

11. Since its inception, the firm has recovered more than $500 million for

-4-

consumers. The types of cases handled by the firm are illustrated by the following:

12.      **Collection practices:** The firm has brought numerous cases under the Fair Debt Collection Practices Act, both class and individual. Decisions include: *Jenkins v. Heintz,* 25 F.3d 536 (7th Cir. 1994), aff'd 514 U.S. 291 (1995) (FDCPA coverage of attorneys); *Snesz v. Med-1 Solutions, LLC,* 757 F.3d 636 (7th Cir. 2014)(en banc); *Janetos v. Fulton, Friedman & Gullace, LLP,* 825 F.3d 317 (7th Cir. 2016); *Barbato v. Greystone Alliance, LLC,* 916 F.3d 260 (3d Cir. 2019); *Phillips v. Asset Acceptance, LLC,* 736 F.3d 1076 (7th Cir. 2013); *Soppet v. Enhanced Recovery Co.,* 679 F.3d 637 (7th Cir. 2012); *Ruth v. Triumph Partnerships,* 577 F.3d 790 (7th Cir. 2009); *Hale v. Afni, Inc.,* 08cv3918, 2010 WL 380906, 2010 U.S. Dist. LEXIS 6715 (N.D.Ill. Jan. 26, 2010); *Parkis v. Arrow Fin Servs.,* 07cv410, 2008 WL 94798, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill. Jan. 8, 2008); *Foster v. Velocity Investments,* 07cv824, 2007 WL 2461665, 2007 U.S. Dist. LEXIS 63302 (N.D. Ill. Aug. 24, 2007); *Foreman v. PRA III, LLC,* 05cv3372, 2007 WL 704478, 2007 U.S. Dist. LEXIS 15640 (N.D. Ill. March 5, 2007); *Schutz v. Arrow Fin. Services,* 465 F. Supp. 2d 872 (N.D.Ill. 2006); *McMahon v. LVNV Funding, LLC,* 744 F.3d 1010 (7th Cir. 2014), later opinion, 807 F.3d 872 (7th Cir. 2015) (collection of time-barred debts); *Siwulec v. J.M. Adjustment Servs., LLC,* 465 Fed. Appx. 200 (3d Cir. 2012) (activities of mortgage company field agents); *Fields v. Wilber Law Firm, P.C.,* 383 F.3d 562 (7th Cir. 2004); *Peter v. GC Servs. L.P.,* 310 F.3d 344 (5th Cir. 2002); *Nielsen v. Dickerson,* 307 F.3d 623 (7th Cir. 2002) (attorney letters without attorney involvement); *Boyd v. Wexler,* 275 F.3d 642 (7th Cir. 2001); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.,* 214 F.3d 872 (7th Cir. 2000); *Johnson v. Revenue Management, Inc.,* 169 F.3d 1057 (7th Cir.1999); *Keele v. Wexler & Wexler,* 95cv3483, 1995 WL 549048, 1995 U.S.Dist. LEXIS 13215 (N.D.Ill. Sept. 12, 1995) (motion to dismiss), later opinion, 1996 WL 124452, 1996 U.S.Dist. LEXIS 3253 (N.D.Ill., March 18, 1996) (class), aff'd, 149 F.3d 589 (7th Cir. 1998); *Mace v. Van Ru Credit Corp.,* 109 F.3d 338 (7th Cir. 1997); *Maguire v. Citicorp Retail Services, Inc.,* 147 F.3d 232 (2nd Cir. 1998); *Young v. Citicorp Retail Services, Inc.,* 97-9397, 1998 U.S.App. LEXIS 20268, 159 F.3d 1349 (2nd Cir., June 29, 1998) (unpublished); *Charles v. Lundgren & Assocs., P.C.,* 119 F.3d 739 (9th Cir. 1997); *Avila v. Rubin,* 84 F.3d 222 (7th Cir. 1996), aff'g *Avila v. Van Ru Credit Corp.,* 94cv3234, 1994 WL 649101, 1994 U.S. Dist. LEXIS 16345 (N.D.Ill., Nov. 14, 1994), later opinion, 1995 WL 22866, 1995 U.S. Dist. LEXIS 461 (N.D.Ill., Jan. 18, 1995), later opinion, 1995 WL 41425, 1995 U.S. Dist. LEXIS 461 (N.D.Ill., Jan. 31, 1995), later opinion, 1995 WL 55255, 1995 U.S. Dist. LEXIS 1502 (N.D.Ill., Feb. 8, 1995), later opinion, 1995 WL 683775, 1995 U.S.Dist. LEXIS 17117 (N.D.Ill., Nov. 16, 1995); *Tolentino v. Friedman,* 833 F.Supp. 697 (N.D.Ill. 1993), aff'd in part and rev'd in part, 46 F.3d 645 (7th Cir. 1995); *Diaz v. Residential Credit Solutions, Inc.,* 965 F.Supp.2d 249 (E.D.N.Y. 2013), later opinion, 297 F.R.D. 42 (E.D.N.Y. 2014), later opinion, 299 F.R.D. 16 (E.D.N.Y. 2014); *Stubbs v. Cavalry SPV I,* 12cv7235, 2013 WL 1858587, 2013 U.S. Dist. LEXIS 62648 (N.D.Ill., May 1, 2013); *Osborn v. J.R.S.-I., Inc.,* 949 F. Supp. 2d 807 (N.D.Ill. 2013); *Terech v. First Resolution Mgmt. Corp.,* 854 F.Supp.2d 537, 544 (N.D.Ill. 2012); *Casso v. LVNV Funding, LLC,* 955 F. Supp. 2d 825 (N.D.Ill. 2013); *Simkus v. Cavalry Portfolio Services, LLC,* 11cv7425, 2012 WL 1866542, 2012 U.S. Dist. LEXIS 70931 (N.D.Ill., May 22, 2012); *McDonald v. Asset Acceptance LLC,* 296 F.R.D. 513 (E.D.Mich. 2013); *Ramirez v. Apex Financial Management, LLC,* 567 F. Supp.2d 1035 (N.D. Ill. 2008); *Cotton v. Asset Acceptance, LLC,* 07cv5005, 2008 WL 2561103, 2008 U.S. Dist. LEXIS 49042 (N.D.Ill., June 26, 2008); *Buford v. Palisades Collection, LLC,* 552 F. Supp. 2d 800 (N.D.Ill. 2008); *Martin v. Cavalry Portfolio Servs., LLC,* 07cv4745, 2008 WL 4372717, 2008 U.S. Dist. LEXIS 25904 (N.D.Ill., March 28, 2008); *Ramirez v. Palisades Collection LLC,* 250 F.R.D. 366 (N.D.Ill. 2008) (class certified), later opinion, 07cv3840, 2008 WL 2512679, 2008 U.S. Dist. LEXIS 48722 (N.D.Ill., June 23, 2008) (summary judgment denied); *Hernandez v. Midland Credit Mgmt.,* 04cv7844, 2007 WL 2874059, 2007 U.S. Dist. LEXIS 16054 (N.D.Ill., Sept. 25, 2007) (balance transfer program); *Blakemore v. Pekay,* 895 F.Supp.972 (N.D.Ill. 1995); *Oglesby v. Rotche,* 93cv4183, 1993 WL 460841, 1993 U.S.Dist. LEXIS 15687 (N.D.Ill., Nov. 5, 1993), *later opinion,* 1994 U.S.Dist. LEXIS 4866, 1994 WL 142867 (N.D.Ill., April 18, 1994); *Laws v. Cheslock,* 98cv6403, 1999 WL 160236, 1999 U.S.Dist. LEXIS 3416 (N.D.Ill., Mar. 8, 1999); *Davis v. Commercial Check Control, Inc.,* 98cv631, 1999 WL 89556, 1999 U.S. Dist. LEXIS 1682

(N.D.Ill., Feb. 12, 1999); *Hoffman v. Partners in Collections, Inc.*, 93cv4132, 1993 WL 358158, 1993 U.S.Dist. LEXIS 12702 (N.D.Ill., Sept. 15, 1993); *Vaughn v. CSC Credit Services, Inc.*, 93cv4151, 1994 WL 449247, 1994 U.S.Dist. LEXIS 2172 (N.D.Ill., March 1, 1994), adopted, 1995 WL 51402, 1995 U.S.Dist. LEXIS 1358 (N.D.Ill., Feb. 3, 1995); *Beasley v. Blatt*, 93cv4978, 1994 WL 362185, 1994 U.S.Dist. LEXIS 9383 (N.D.Ill., July 11, 1994); *Taylor v. Fink*, 93 C 4941, 1994 WL 669605, 1994 U.S.Dist. LEXIS 16821 (N.D.Ill., Nov. 23, 1994); *Gordon v. Fink*, 93cv4152, 1995 WL 55242, 1995 U.S.Dist. LEXIS 1509 (N.D.Ill., Feb. 7, 1995); *Brujis v. Shaw*, 876 F.Supp. 198 (N.D.Ill. 1995).

13.    *Jenkins v. Heintz* is a leading decision regarding the liability of attorneys under the Fair Debt Collection Practices Act. Mr. Edelman argued it before the Supreme Court and Seventh Circuit. *Avila v. Rubin* and *Nielsen v. Dickerson* are leading decisions on phony "attorney letters." *Suesz v. Med-1 Solutions, LLC* is a leading decision on the FDCPA venue requirements. *McMahon v. LVNV Funding, LLC* is a leading decision on the collection of time-barred debts.

14.    **Debtors' rights**. Important decisions include: *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D.Ill. 2008) (class certified), later opinion, 07cv3840, 2008 WL 2512679, 2008 U.S. Dist. LEXIS 48722 (N.D.Ill., June 23, 2008) (summary judgment denied) (Illinois statute of limitations for credit card debts); *Parkis v. Arrow Fin Servs.*, 07cv410, 2008 WL 94798, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill. Jan. 8, 2008); *Rawson v. Credigy Receivables, Inc.*, 05cv6032, 2006 WL 418665, 2006 U.S. Dist. LEXIS 6450 (N.D.Ill., Feb. 16, 2006) (same); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014) (collection of time-barred debts without disclosure); *Jones v. Kunin*, 99cv818, 2000 WL 34402017, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000) (scope of Illinois bad check statute); *Qualkenbush v. Harris Trust & Sav. Bank*, 219 F. Supp. 2d 935 (N.D.Ill. 2002) (failure to allow cosigner to take over obligation prior to collection action); *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014) (en banc) (venue abuse).

15.    **Telephone Consumer Protection Act.** The firm has brought a number of cases under the Telephone Consumer Protection Act, 47 U.S.C. §227, which prohibits "junk faxes," spam text messages, robocalls to cell phones, and regulates telemarketing practices. Important junk fax and spam text message decisions include: *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005); *Sadowski v. Med1 Online, LLC*, 07cv2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *Benedia v. Super Fair Cellular, Inc.*, 07cv01390, 2007 WL 2903175, 2007 U.S. Dist. LEXIS 71911 (N.D.Ill., Sept. 26, 2007); *Centerline Equip. Corp. v. Banner Pers. Serv.*, 545 F. Supp. 2d 768 (N.D.Ill. 2008); *ABC Business Forms, Inc. v. Pridamor, Inc.*, 09cv3222, 2009 WL 4679477, 2009 U.S. Dist. LEXIS 113847 (N.D.Ill. Dec. 1, 2009); *Glen Ellyn Pharmacy, Inc. v. Promius Pharma, LLC*, 09cv2116, 2009 WL 2973046, 2009 U.S. Dist. LEXIS 83073 (N.D.Ill. Sept. 11, 2009); *Garrett v. Ragle Dental Laboratory, Inc.*, 10cv1315, 2010 WL 3034709, 2010 U.S. Dist. LEXIS, 108339 (N.D.Ill., Aug. 3, 3010).

16.    The firm has also brought a number of cases complaining of robocalling and telemarketing abuse, in violation of the Telephone Consumer Protection Act. Decisions in these cases include: *Soppet v. Enhanced Recovery Co.*, 679 F.3d 637 (7th Cir. 2012); *Balbarin v. North Star Capital Acquisition, LLC*, 10cv1846, 2011 WL 211013, 2011 U.S. Dist. LEXIS 686 (N.D.Ill. Jan. 21, 2011), *motion to reconsider denied*, 2011 U.S. Dist. LEXIS 58761 (N.D.Ill. 2011); *Sojka v. DirectBuy, Inc.*, 12cv9809 et al., 2014 WL 1089072, 2014 U.S.Dist. LEXIS 34676 (N.D.Ill., Mar. 18, 2014), later opinion, 35 F. Supp. 3d 996 (N.D.Ill. 2014). The firm has a leadership role in Portfolio Recovery Associates, LLC, Telephone Consumer Protection Act Litigation, MDL No. 2295, and Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation, MDL No. 2286.

17.    **Fair Credit Reporting Act:** The firm has filed numerous cases under the Fair

Credit Reporting Act, which include: *Henry v. Teletrack, Inc.,* 11cv4424, 2012 WL 769763, 2012 U.S. Dist. LEXIS 30495 (N.D.Ill. March 7, 2012).

18.     Another line of cases under the Fair Credit Reporting Act which we have brought, primarily as class actions, alleges that lenders and automotive dealers, among others, improperly accessed consumers' credit information, without their consent and without having a purpose for doing so permitted by the FCRA. *Cole v. U.S. Capital, Inc.,* 389 F.3d 719 (7th Cir. 2004); *Murray v. GMAC Mortgage Corp.,* 434 F.3d 948 (7th Cir. 2006); *Perry v. First National Bank,* 459 F.3d 816 (7th Cir. 2006).

19.     **Class action procedure:**  Important decisions include *McMahon v. LVNV Funding, LLC,* 807 F.3d 872 (7th Cir. 2015); *Phillips v. Asset Acceptance, LLC,* 736 F.3d 1076 (7th Cir. 2013); *Crawford v. Equifax Payment Services, Inc.,* 201 F.3d 877 (7th Cir. 2000); *Blair v. Equifax Check Services, Inc.,* 181 F.3d 832 (7th Cir. 1999); *Mace v. Van Ru Credit Corp.,* 109 F.3d 338, 344 (7th Cir. 1997); *McMahon v. LVNV Funding, LLC,* 744 F.3d 1010 (7th Cir. 2014) (mootness); *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.,* 2015 IL 118644, 48 N.E.3d 1060 (Ill.Sup.Ct.) (mootness); and *Gordon v. Boden,* 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991).

20.     **Landlord-tenant:**  The firm has brought more than 20 class actions against landlords to enforce tenants' rights. Claims include  failing to pay interest on security deposits or commingling security deposits. Reported decisions include *Wang v. Williams,* 343 Ill. App. 3d 495; 797 N.E.2d 179 (5th Dist. 2003); *Dickson v. West Koke Mill Vill. P'Ship,* 329 Ill. App. 3d 341; 769 N.E.2d 971 (4th Dist. 2002); and *Onni v. Apartment Inv. & Mgmt. Co.,* 344 Ill. App. 3d 1099; 801 N.E.2d 586 (2nd Dist. 2003).

21.     **Mortgage charges and servicing practices:**  The firm has been involved in dozens of cases, mostly class actions, complaining of illegal charges on mortgages and improper servicing practices. These include MDL-899, *In re Mortgage Escrow Deposit Litigation,* and MDL-1604, *In re Ocwen Federal Bank FSB Mortgage Servicing Litigation,* as well as the Fairbanks mortgage servicing litigation. Decisions in the firm's mortgage cases include: *Hamm v. Ameriquest Mortg. Co.,* 506 F.3d 525 (7th Cir. 2007); *Johnson v. Thomas,* 342 Ill.App.3d 382, 794 N.E.2d 919 (1st Dist. 2003); *Handy v. Anchor Mortgage Corp.,* 464 F.3d 760 (7th Cir. 2006); *Christakos v. Intercounty Title Co.,* 196 F.R.D. 496 (N.D.Ill. 2000); *Flippin v. Aurora Bank, FSB,* 12cv1996, 2012 WL 3260449 , 2012 U.S. Dist. LEXIS 111250 (N.D.Ill. Aug. 8, 2012); *Kesten v. Ocwen Loan Servicing, LLC,* 11cv6981, 2012 WL 426933, 2012 U.S. Dist. LEXIS 16917 (N.D.Ill. Feb. 9, 2012); *Johnstone v. Bank of America, N.A.,* 173 F.Supp.2d 809 (N.D.Ill. 2001); *Leon v. Washington Mut. Bank, F.A.,* 164 F.Supp.2d 1034 (N.D.Ill. 2001); *Williamson v. Advanta Mortg. Corp.,* 99cv4784, 1999 WL 1144940, 1999 U.S. Dist. LEXIS 16374 (N.D.Ill., Oct. 5, 1999); *McDonald v. Washington Mut. Bank, F.A.,* 99cv6884, 2000 WL 875416, 2000 U.S. Dist. LEXIS 11496 (N.D.Ill., June 22, 2000); *GMAC Mtge. Corp. v. Stapleton,* 236 Ill.App.3d 486, 603 N.E.2d 767 (1st Dist. 1992), leave to appeal denied, 248 Ill.2d 641, 610 N.E.2d 1262 (1993); *Leff v. Olympic Fed. S. & L. Ass'n,* 86cv3026, 1986 WL 10636 (N.D.Ill. Sept. 19, 1986); *Aitken v. Fleet Mtge. Corp.,* 90cv3708, 1991 WL 152533, 1991 U.S.Dist. LEXIS 10420 (N.D.Ill. July 30, 1991), later opinion, 1992 WL 33926, 1992 U.S.Dist. LEXIS 1687 (N.D.Ill., Feb. 12, 1992); *Poindexter v. National Mtge. Corp.,* 94cv45814, 1995 WL 242287, 1995 U.S.Dist. LEXIS 5396 (N.D.Ill., April 24, 1995); *Sanders v. Lincoln Service Corp.,* 91cv4542, 1993 WL 1125433, 1993 U.S.Dist. LEXIS 4454 (N.D.Ill. April 5, 1993); *Robinson v. Empire of America Realty Credit Corp.,* 90cv5063, 1991 WL 26593, 1991 U.S.Dist. LEXIS 2084 (N.D.Ill., Feb. 20, 1991); *In re Mortgage Escrow Deposit Litigation,* M.D.L. 899, 1994 WL 496707, 1994 U.S.Dist. LEXIS 12746 (N.D.Ill., Sept. 9, 1994); *Greenberg v. Republic Federal S. & L. Ass'n,* 94cv3789, 1995 WL 263457, 1995 U.S.Dist. LEXIS 5866 (N.D.Ill., May 1, 1995).

22.     The recoveries in the escrow overcharge cases alone are over $250 million. *Leff*

was the seminal case on mortgage escrow overcharges.

23.     The escrow litigation had a substantial effect on industry practices, resulting in limitations on the amounts which mortgage companies held in escrow.

24.     **Bankruptcy:** The firm brought a number of cases complaining that money was being systematically collected on discharged debts, in some cases through the use of invalid reaffirmation agreements, including the national class actions against Sears and General Electric. *Conley v. Sears, Roebuck*, 1:97cv11149 (D.Mass); *Fisher v. Lechmere Inc.*, 1:97cv3065 (N.D.Ill.). These cases were settled and resulted in recovery by nationwide classes. Cathleen Combs successfully argued the first Court of Appeals case to hold that a bankruptcy debtor induced to pay a discharged debt by means of an invalid reaffirmation agreement may sue to recover the payment. *Bessette v. Avco Financial Services*, 230 F.3d 439 (1st Cir. 2000).

25.     **Automobile sales and financing practices:** The firm has brought many cases challenging practices relating to automobile sales and financing, including:

        a.     Hidden finance charges resulting from pass-on of discounts on auto purchases. *Walker v. Wallace Auto Sales, Inc.*, 155 F.3d 927 (7th Cir. 1998).

        b.     Misrepresentation of amounts disbursed for extended warranties. *Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689 (7th Cir. 1998); *Grimaldi v. Webb*, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996); *Slawson v. Currie Motors Lincoln Mercury, Inc.*, 94cv2177, 1995 WL 22716, 1995 U.S.Dist. LEXIS 451 (N.D.Ill., Jan. 13, 1995); *Cirone-Shadow v. Union Nissan, Inc.*, 955 F.Supp. 938 (N.D.Ill. 1997) (same); *Chandler v. Southwest Jeep-Eagle, Inc.*, 162 F.R.D. 302 (N.D.Ill. 1995); *Shields v. Lefta, Inc.*, 888 F. Supp. 891 (N.D.Ill. 1995).

        c.     Spot delivery. *Janikowski v. Lynch Ford, Inc.*, 98cv8111, 1999 WL 608714, 1999 U.S. Dist. LEXIS 12258 (N.D.Ill., Aug. 5, 1999); *Diaz v. Westgate Lincoln Mercury, Inc.*, 93cv5428, 1994 U.S.Dist. LEXIS 16300 (N.D.Ill. Nov. 14, 1994); *Grimaldi v. Webb*, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996).

        d.     Force placed insurance. *Bermudez v. First of America Bank Champion, N.A.*, 860 F.Supp. 580 (N.D.Ill. 1994); *Travis v. Boulevard Bank*, 93cv6847, 1994 U.S.Dist. LEXIS 14615 (N.D.Ill., Oct. 13, 1994), modified, 880 F.Supp. 1226 (N.D.Ill. 1995); *Moore v. Fidelity Financial Services, Inc.*, 884 F. Supp. 288 (N.D.Ill. 1995).

        e.     Improper obligation of cosigners. *Lee v. Nationwide Cassell*, 174 Ill.2d 540, 675 N.E.2d 599 (1996); *Taylor v. Trans Acceptance Corp.*, 267 Ill.App.3d 562, 641 N.E.2d 907 (1st Dist. 1994), leave to appeal denied, 159 Ill.2d 581, 647 N.E.2d 1017 (1995); *Qualkenbush v. Harris Trust & Sav. Bank*, 219 F. Supp. 2d 935 (N.D.Ill. 2002).

        f.     Evasion of FTC holder rule. *Brown v. LaSalle Northwest Nat'l Bank*, 148 F.R.D. 584 (N.D.Ill. 1993), later opinion, 820 F.Supp. 1078 (N.D.Ill. 1993), later opinion, 92cv8392, 1993 U.S.Dist. LEXIS 11419 (N.D.Ill., Aug. 13, 1993).

26.     These cases also had a substantial effect on industry practices. The warranty cases, such as *Grimaldi, Gibson, Slawson, Cirone-Shadow, Chandler*, and *Shields*, resulted in the Federal Reserve Board's revision of applicable disclosure requirements, so as to prevent car dealers from representing that the charge for an extended warranty was being disbursed to a third party when that was not in fact the case.

27. **Predatory lending practices:** The firm has brought numerous cases challenging predatory mortgage and "payday" lending practices, both as individual and class actions. *Jackson v. Payday Financial LLC*, 764 F.3d 765 (7th Cir. 2014), *cert. denied*, 135 S.Ct. 1894 (2015); *Livingston v. Fast Cash USA, Inc.*, 753 N.E.2d 572 (Ind. Sup. Ct. 2001); *Williams v. Chartwell Fin. Servs.*, 204 F.3d 748 (7th Cir. 2000); *Hamm v. Ameriquest Mortg. Co.*, 506 F.3d 525 (7th Cir. 2007); *Handy v. Anchor Mortg. Corp.*, 464 F.3d 760 (7th Cir. 2006); *Laseter v. Climateguard Design & Installation LLC*, 931 F.Supp.2d 862 (N.D.Ill. 2013); *Hubbard v. Ameriquest Mortg. Co.*, 624 F.Supp.2d 913 (N.D.Ill. 2008); *Martinez v. Freedom Mortg. Team, Inc.*, 527 F. Supp. 2d 827 (N.D.Ill. 2007); *Pena v. Freedom Mortg. Team, Inc.*, 07cv552, 2007 WL 3223394, 2007 U.S. Dist. LEXIS 79817 (N.D.Ill., October 24, 2007); *Miranda v. Universal Fin. Group, Inc.*, 459 F. Supp. 2d 760 (N.D.Ill. 2006); *Parker v. 1-800 Bar None, a Financial Corp., Inc.*, 01cv4488, 2002 WL 215530 (N.D.Ill., Feb. 12, 2002); *Gilkey v. Central Clearing Co.*, 202 F.R.D. 515 (E.D.Mich. 2001); *Van Jackson v. Check 'N Go of Illinois, Inc.*, 193 F.R.D. 544 (N.D.Ill. 2000), later opinion, 114 F. Supp. 2d 731 (N.D.Ill. 2000), later opinion, 123 F. Supp. 2d 1079 (N.D.Ill. 2000), later opinion, 123 F. Supp. 2d 1085 (N.D.Ill. 2000); *Henry v. Cash Today, Inc.*, 199 F.R.D. 566 (S.D.Tex. 2000); *Donnelly v. Illini Cash Advance, Inc.*, 00cv94, 2000 WL 1161076, 2000 U.S. Dist. LEXIS 11906 (N.D.Ill., Aug. 14, 2000); *Jones v. Kunin*, 99cv818, 2000 WL 34402017, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000); *Davis v. Cash for Payday*, 193 F.R.D. 518 (N.D.Ill. 2000); *Reese v. Hammer Fin. Corp.*, 99cv716, 1999 U.S. Dist. LEXIS 18812, 1999 WL 1101677 (N.D.Ill., Nov. 29, 1999); *Pinkett v. Moolah Loan Co.*, 99cv2700, 1999 WL 1080596, 1999 U.S. Dist. LEXIS 17276 (N.D.Ill., Nov. 1, 1999); *Gutierrez v. Devon Fin. Servs.*, 99cv 2647, 1999 U.S. Dist. LEXIS 18696 (N.D.Ill., Oct. 6, 1999); *Vance v. National Benefit Ass'n*, 99cv2627, 1999 WL 731764, 1999 U.S. Dist. LEXIS 13846 (N.D.Ill., Aug. 26, 1999).

28. **Other consumer credit issues:** The firm has also brought a number of other Truth in Lending and consumer credit cases, mostly as class actions, involving such issues as:

a. Phony nonfiling insurance. *Edwards v. Your Credit Inc.*, 148 F.3d 427 (5th Cir. 1998); *Adams v. Plaza Finance Co.*, 168 F.3d 932 (7th Cir. 1999); *Johnson v. Aronson Furniture Co.*, 96cv117, 1997 U.S. Dist. LEXIS 3979 (N.D.Ill., March 31, 1997), later opinion, 1993 WL 641342 (N.D.Ill., Sept. 11, 1998).

b. The McCarran Ferguson Act exemption. *Autry v. Northwest Premium Services, Inc.*, 144 F.3d 1037 (7th Cir. 1998).

c. Loan flipping. *Emery v. American General*, 71 F.3d 1343 (7th Cir. 1995). *Emery* limited the pernicious practice of "loan flipping," in which consumers are solicited for new loans and are then refinanced, with "short" credits for unearned finance charges and insurance premiums being given through use of the "Rule of 78s."

d. Home improvement financing practices. *Fidelity Financial Services, Inc. v. Hicks*, 214 Ill.App.3d 398, 574 N.E.2d 15 (1st Dist. 1991), leave to appeal denied, 141 Ill.2d 539, 580 N.E.2d 112; *Heastie v. Community Bank of Greater Peoria*, 690 F.Supp. 716 (N.D.Ill. 1989), later opinion, 125 F.R.D. 669 (N.D.Ill. 1990), later opinions, 727 F.Supp. 1133 (N.D.Ill. 1990), and 727 F.Supp. 1140 (N.D.Ill. 1990).

e. Insurance packing. *Elliott v. ITT Corp.*, 764 F.Supp. 102 (N.D.Ill. 1990), later opinion, 150 B.R. 36 (N.D.Ill. 1992).

29. **Automobile leases:** The firm has brought a number of a cases alleging illegal charges and improper disclosures on automobile leases, mainly as class actions. Decisions in these cases include *Lundquist v. Security Pacific Automotive Financial Services Corp.*, 993 F.2d 11 (2d Cir. 1993);

*Kedziora v. Citicorp Nat'l Services, Inc.*, 780 F.Supp. 516 (N.D.Ill. 1991), later opinion, 844 F.Supp. 1289 (N.D.Ill. 1994), later opinion, 883 F.Supp. 1144 (N.D.Ill. 1995), later opinion, 91cv3428, 1995 U.S.Dist. LEXIS 12137 (N.D.Ill., Aug. 18, 1995), later opinion, 1995 U.S.Dist. LEXIS 14054 (N.D.Ill., Sept. 25, 1995); *Johnson v. Steven Sims Subaru and Subaru Leasing*, 92cv6355, 1993 WL 761231, 1993 U.S.Dist. LEXIS 8078 (N.D.Ill., June 9, 1993), and 1993 WL 13074115, 1993 U.S.Dist. LEXIS 11694 (N.D.Ill., August 20, 1993); *McCarthy v. PNC Credit Corp.*, 2:91CV00854 (PCD), 1992 U.S.Dist. LEXIS 21719 (D.Conn., May 27, 1992); *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434 (7th Cir. 1994); *Simon v. World Omni Leasing Inc.*, 146 F.R.D. 197 (S.D.Ala. 1992).

30.     *Lundquist* and *Highsmith* are leading cases; both held that commonly-used lease forms violated the Consumer Leasing Act. As a result of the *Lundquist* case, the Federal Reserve Board completely revamped the disclosure requirements applicable to auto leases, resulting in vastly improved disclosures to consumers.

31.     **Insurance litigation:** Often securing recovery for a class requires enforcement of the rights under the defendant's insurance policy. The firm has extensive experience with such litigation. Reported decisions in such cases include: *Record-A-Hit, Inc. v. Nat'l Fire Ins. Co.*, 377 Ill. App. 3d 642; 880 N.E.2d 205 (1st Dist. 2007); *Pietras v. Sentry Ins. Co.*, 06cv3576, 2007 WL 715759, 2007 U.S. Dist. LEXIS 16015 (N.D.Ill., March 6, 2007), later opinion, 513 F. Supp. 2d 983 (N.D.Ill. 2007); *Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 06cv2092, 2007 WL 2608559, 2007 U.S. Dist. LEXIS 65339 (N.D.Ill., Aug. 31, 2007); *National Fire Ins. Co. v. Tri-State Hose & Fitting, Inc.*, 06cv5256, 2007 U.S. Dist. LEXIS 45685 (N.D.Ill., June 21, 2007); *Nautilus Ins. Co. v. Easy Drop Off, LLC*, 06cv4286, 2007 U.S. Dist. LEXIS 42380 (N.D.Ill., June 4, 2007).

32.     Some of the other reported decisions in our cases include: *Elder v. Coronet Ins. Co.*, 201 Ill.App.3d 733, 558 N.E.2d 1312 (1st Dist. 1990); *Smith v. Keycorp Mtge., Inc.*, 151 B.R. 870 (N.D.Ill. 1992); *Gordon v. Boden*, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991), leave to appeal denied, 144 Ill.2d 633, 591 N.E.2d 21, cert. denied, U.S. (1992); *Armstrong v. Edelson*, 718 F.Supp. 1372 (N.D.Ill. 1989); *Newman v. 1st 1440 Investment, Inc.*, 89cv6708, 1993 U.S.Dist. LEXIS 354 (N.D.Ill. Jan. 15, 1993); *Mountain States Tel. & Tel. Co.*, v. District Court, 778 P.2d 667 (Colo. 1989); *Harman v. Lyphomed, Inc.*, 122 F.R.D. 522 (N.D.Ill. 1988); *Haslam v. Lefta, Inc.*, 93cv4311, 1994 WL 117463, 1994 U.S.Dist. LEXIS 3623 (N.D.Ill., March 25, 1994); *Source One Mortgage Services Corp. v. Jones*, 88cv8441, 1994 WL 13664, 1994 U.S.Dist. LEXIS 333 (N.D.Ill., Jan. 13, 1994); *Wilson v. Harris N.A.*, 06cv5840, 2007 WL 2608521, 2007 U.S. Dist. LEXIS 65345 (N.D.Ill. Sept. 4, 2007). *Wendorf v. Landers*, 755 F.Supp.2d 972 (N.D.Ill. 2010); *QuickClick Loans LLC v. Russell*, 407 Ill.App.3d 46; 943 N.E.2d 166 (1st Dist. 2011), *pet. denied*, 949 N.E.2d 1103 (2011) and *Adkins v. Nestle Purina Petcare Co.*, 973 F.Supp.2d 905 (N.D.Ill. 2013).

33.     *Gordon v. Boden* is the first decision approving "fluid recovery" in an Illinois class action. *Elder v. Coronet Insurance* held that an insurance company's reliance on lie detectors to process claims was an unfair and deceptive trade practice.

Executed at Chicago, Illinois.

/s/ Daniel A. Edelman
Daniel A. Edelman

**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)