IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICK KELLER, <br> on behalf of Plaintiff and a class, <br><br> Plaintiff, <br><br> vs. <br><br> LVNV FUNDING, and <br> RESURGENT CAPITAL SERVICES <br> Defendants. | Case No. 22-cv-00942 <br> Honorable Steven Seeger |

### PLAINTIFF'S MOTION TO REMAND

Plaintiff, Patrick Keller, respectfully requests that the Court enter an order remanding the action to the Circuit Court of McHenry County for lack of federal jurisdiction.

In support of this motion, Plaintiff states:

1. This action alleges that Defendants, debt collectors, violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), Illinois Collection Agency Act ("ICAA"), and the Illinois Consumer Fraud Act ("ICFA") by harassing Plaintiff in the attempted collection of a debt, using deceptive means in attempting to collect a debt, and contacting a consumer represented by an attorney.

2. Plaintiff filed this action in state court on October 6, 2021. Defendant removed it to federal court and it was assigned to this Division, notwithstanding the case having been pending in McHenry County, which is assigned to the Western Division.

3. A defendant may remove a case to federal court only if the Federal District Court would have original subject matter jurisdiction over the action. 28 U.S.C. §1441; 28 U.S.C. §1446.

4. Plaintiff's complaint only alleges emotional damages and annoyance.

5. Statutory violations 'do not automatically satisfy concreteness "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that

1

right."' *Pennell v. Global Trust Management LLC*, 990 F.3d 1041, 1044 (7th Cir. 2021) (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. At 1549). "A bare procedural violation, divorced from any concrete harm" does not satisfy the injury-in-fact requirement. *Id.*; *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021) ("Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court.") .

8. Several decisions in the Seventh Circuit have recently held that psychological harm, including emotional damages and annoyance, is not enough for federal jurisdiction.

9. In *Pennell v. Global Trust Management LLC*, 990 F.3d 1041 (7th Cir. 2021), the court found that "purely psychological harm" is not sufficient to establish Article III standing. There, the plaintiff "merely pointed to a statutory violation," as well as alleging confusion and stress as actual damages. *Pennell,* 990 F.3d at 1045.

10. In *Persinger vs. Southwest Credit Sys.,* L.P., 20 F.4th 1184 (7th Cir. 2021)*,* the plaintiff alleged that she was stressed by the debt collector's conduct, as well as an invasion of privacy. The court again found that stress did not constitute a concrete injury. *Persinger,* 20 F.4th 1184, 1193 (7th Cir. Dec. 22, 2021).

11. Plaintiff here is similarly situated and alleges the same types of harm, namely statutory violations, emotional distress, harassment, and annoyance.

12. The party invoking the jurisdiction of the District Court has the burden of establishing that all aspects of federal jurisdiction, including the satisfaction of Article III standing requirements, exist. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017); *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97–98 (1921); *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir. 1999). Article III standing is an essential element to federal subject-matter jurisdiction. *Bazile v. Finance Sys. of Green Bay, Inc.,* 983 F.3d 274, 278 (7th Cir. 2020).

13. In the case of removal, the removing party bears that burden. *Collier v. SP Plus Corp.,* 889 F.3d 894 (7th Cir. 2018) ("As the party invoking federal jurisdiction, SP Plus had to

establish that all elements of jurisdiction–including Article III standing–existed at the time of removal."). *See also Dixon v. Washington & Jane Smith Cmty.*, 17cv8033, 2018 U.S. Dist. LEXIS 90344, *9-10, 2018 WL 2445292 (N.D.Ill., May 31, 2018). Defendant has not demonstrated that Plaintiff has suffered an actual injury here.

14. It is well settled that any doubts as to federal jurisdiction are to be resolved in favor of remand to the state court, so that the time of the Court and parties is not consumed by litigation that cannot result in a valid judgment. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Morris v. Nuzzo,* 718 F.3d 660, 668 (7th Cir. 2018). There is a presumption against removal. *Shamrock Oil Corp. v. Sheets,* 313 U.S. 100, 108–109 (1941).

WHEREFORE the reasons stated above, Plaintiff requests this Court to remand this matter back to the Circuit Court of McHenry County, Illinois.

Respectfully submitted,

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Dulijaza Clark
Julia Ozello
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

3

**CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on March 24, 2022, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system which shall cause delivery and notification of such filing upon the attorneys of record.

                                                  */s/ Daniel A. Edelman*
                                                  Daniel A. Edelman

Daniel A. Edelman
Dulijaza Clark
Julia Ozello
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)