**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PATRICK KELLER, on behalf of Plaintiff and a class, | ) ) ) | |
| | ) | Case No. 22-cv-00942 |
| Plaintiff, | ) | Honorable Steven Seeger |
| | ) | |
| vs. | ) | |
| | ) | |
| LVNV FUNDING, and | ) | |
| RESURGENT CAPITAL SERVICES | ) | |
| Defendants. | ) | |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

Defendants' response to Plaintiff's Motion to Remand highlights exactly why this case should be remanded to state court. As Defendants note, "standing in the FDCPA context has become trickier" recently. (Def. Resp. p. 3) The rule is that doubts as to federal jurisdiction should be resolved in favor of remand to the state court, so that the time of the Court and parties is not consumed by litigation that cannot result in a valid judgment. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Morris v. Nuzzo,* 718 F.3d 660, 668 (7th Cir. 2018). There is a presumption against removal. *Shamrock Oil Corp. v. Sheets,* 313 U.S. 100, 108–109 (1941).

The Seventh Circuit's decisions, especially *Pennell v. Global Trust Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021), and *Pierre v. Midland Credit Mgmt.,* Nos. 19-2993, 19-3109, 2022 U.S. App. LEXIS 8770 (7th Cir. Apr. 1, 2022), do not permit the exercise of jurisdiction here. *Pennell* holds that intangible injuries such as aggravation, annoyance and worry arising from a collection letter improperly sent directly to a represented debtor – the same wrong complained of herein – do not give rise to Article III standing. *Pierre* reiterates that –

> Psychological states induced by a debt collector's letter likewise fall short. Pierre testified that Midland Credit's letter confused her as to whether she could be sued for the debt. Confusion, we have held, is not a concrete injury in the FDCPA context. *E.g., Markakos v. Medicredit, Inc.*, 997 F.3d 778, 781 (7th Cir. 2021); *Brunett [v. Convergent Outsourcing, Inc.*, 982 F.3d 1067,] at 1068 [(7th Cir. 2020).] She further testified that she experienced emotional distress arising from her concern about being sued for the debt. But worry, like confusion, is insufficient to confer standing in this context. *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668 (7th Cir. 2021); *Pennell v. Global Tr. Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir.

1

2021).

*Pierre v. Midland Credit Mgmt.,* Nos. 19-2993, 19-3109, 2022 U.S. App. LEXIS 8770, at \*10 (7th Cir. Apr. 1, 2022). One of the Court's colleagues has flatly stated that "Emotional distress, however, is inadequate to provide standing." *Stagger v. Experian Info. Sols.*, 21cv02001, 2022 U.S. Dist. LEXIS 39267, at \*7 (N.D. Ill. Feb. 9, 2022).

Furthermore, federal standing may be lacking even if a state court would award damages for a claim. Compare *Soto v. Great America LLC,* 17cv6902, 2018 U.S. Dist. LEXIS 87598, 2018 WL 2364916 (N.D. Ill., May 24, 2018) (Federal court finds no standing for Fair Credit Reporting Act class action), with the later opinions in the same case at 2020 IL App (2d) 180911, 165 N.E.3d 935 (after remand state court upholds claim), and 17-CH-1118, 2020 Ill. Cir. LEXIS 2719 (Ill. Cir. Ct., Lake Co., Dec. 3, 2020) (state court preliminarily approves class settlement, which was finally approved in due course).

Defendants cite the dissent in *Pierre*, *Gadelhak v. AT&T Servs.*, 950 F.3d 458, 462 (7th Cir. 2020), and *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017).

The dissent in *Pierre* is exactly that. Plaintiff's counsel would like Judge Hamilton's opinion to be the law, but at the moment it isn't. That is why Plaintiff filed in state court.

*Gadelhak* and *Van Patten* hold that one or more unwanted calls or text messages in violation of the Telephone Consumer Protection Act inflicts an invasion of privacy for which there is Article III standing. However, the receipt of unwanted and obnoxious letters that violate the FDCPA have not been found sufficient to give rise to standing. *Markakos v. Medicredit, Inc.*, 997 F.3d 778, 779-80 (7th Cir. 2021) (inflated amount); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.,* 982 F.3d 1069 (7th Cir. 2020) (threats not intended to be carried out); *Pennell*, *supra*, 990 F.3d 1041, 1045 (7th Cir. 2021) ("purely psychological harm" is not sufficient to establish Article III standing.).

Defendants finally cite *Craftwood II, Inc. v. Generac Power Sys., Inc.*, 920 F.3d 479, 481 (7th Cir. 2019), holding that the consumption of paper, ink and time incident to receipt of unsolicited fax advertising, sent in violation of the Telephone Consumer Protection Act, is sufficient injury to give

rise to Article III standing.  The problem with extending the same logic to the FDCPA context is

that the receipt of an illegal collection letter necessarily involves the consumption of some time on

the part of the consumer, who has to open it, read it and (since the issue arises in the context of

litigation) either send it to an attorney or draft a complaint, and any expenditure of time is

quantifiable in money.  It is difficult to believe that the Seventh Circuit in *Markakos, Gunn, Pennell*,

and *Pierre* meant to hold that confusion and worry are not enough to create standing, but that the

loss of five minutes spent as a inherent incident of being placed in a state of confusion or worry is

sufficient.  Perhaps the relevant distinction is that small losses of time and money by a person or

entity engaged in business are sufficient but similar losses by one who is not are insufficient.

Current Seventh Circuit law does not authorize removal in this case.

WHEREFORE, Plaintiff respectfully requests that this Court remand this matter to the

Circuit Court of McHenry County.

Respectfully submitted,

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Dulijaza Clark
Julia Ozello
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

3

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel A. Edelman, hereby certify that on April 20, 2022, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system which shall cause delivery and notification of such filing upon the attorneys of record.


*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Dulijaza Clark
Julia Ozello
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

4