UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICK KELLER, ) | |
| ) | |
| Plaintiff, ) | Case No. 22-cv-00942 |
| ) | |
| v. ) | Hon. Steven C. Seeger |
| ) | |
| LVNV FUNDING, LLC and ) | |
| RESURGENT CAPITAL SERVICES L.P., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Patrick Keller sued Defendants LVNV Funding and Resurgent Capital Services in Illinois state court, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and various state laws. That filing started a tug of war between the parties about litigating in state or federal court. Defendants removed the case to federal court based on federal question jurisdiction, but soon after, Keller filed a motion to remand. For the reasons stated below, the Court grants the motion and remands the case to state court.

"The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Article III authorizes federal courts to act only when there is a case or controversy, and one of the bedrock requirements is the existence of standing. A plaintiff has standing only if that party "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial

decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *see also Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1044 (7th Cir. 2021).

The "injury in fact" requirement is at issue here. The direction of the jurisdictional tugging is upside down from many cases. All too often, a plaintiff alleges that he or she has standing, and a defendant moves to dismiss for lack of standing. But here, the arguments pull in the opposite direction.

Plaintiff argues that he lacks Article III standing because the complaint "only alleges emotional damages and annoyance." *See* Pl.'s Mtn. to Remand, at ¶ 4 (Dckt. No. [15]). Plaintiff contends that he did not suffer an injury in fact, and thus has no standing to sue in federal court.

On the flipside, Defendants oppose the motion to remand. As they see it, the complaint alleges a loss of "time and money" and seeks "actual damages," so Keller has alleged an injury in fact sufficient for jurisdictional purposes. *See* Defs.' Resp. to Mtn. to Remand, at 4–6 (Dckt. No. [17]); *see also* Cplt., at p.11 (Dckt. No. [11]) (the request for relief); *id.* at ¶ 49.

Plaintiff has the better half of the argument. True enough, the complaint alleges that Defendants caused Keller a loss of "time and money," and the demand for relief seeks both statutory damages *and* actual damages. *See* Cplt., at 11 (Dckt. No. [11]); *id.* at ¶ 49. But those words aren't magic. They aren't enough to establish an injury in fact.

Federal jurisdiction does not arise from lip service to buzz words. As the Seventh Circuit has held, without specific details about a concrete harm, "[a] mere reference to 'actual damages' in the complaint's prayer for relief does not establish Article III standing." *Collier v. SP Plus Corp.*, 889 F.3d 894, 895–96 (7th Cir. 2018).

Here, Plaintiff alleges no concrete harm to accompany his request for actual damages. The complaint mentions harm only in the form of harassment and annoyance and a general loss of "time and money." *See* Cplt., at ¶¶ 46, 49 (Dckt. No. [11]).

"Annoyance, indignation, stress, intimidation or confusion are not concrete injuries." *Gilbert v. TrueAccord Corp.*, 2022 WL 2257126, at *5 (N.D. Ill. 2022) (citing *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668 (7th Cir. 2021)). Otherwise, that loophole would blow a hole in the standing requirement, if not blow the entire thing out of the water. All too often, plaintiffs feel annoyed, stressed, confused, or something along those lines. Every plaintiff in every case is upset about something. That's how they wind up in the courthouse in the first place.

Keller hasn't adequately pled a concrete injury through lost time and money, either. The loss of time and money *might* be enough to establish Article III standing, but only when accompanied by specific allegations of tangible harm.

Take, for example, the facts in *Brown v. Weltman, Weinberg & Reis Co.*, 2021 WL 3910748 (N.D. Ill. 2021). There, the district court ruled that a loss of time constituted a concrete injury because the plaintiff pled that "she had to take time away from her self-employment work to scour her record to attempt to get to the bottom of the claims about her debt made in the letter." *Id.* at *2. That allegation was enough for Article III standing because it was "a reasonable and plausible inference from Brown's allegations that she actually lost money – income she otherwise would have earned from self-employment – as a result of her receipt of [the defendant's] collection letter." *Id.* In short, the plaintiff's specific allegations led to a reasonable inference of lost time (and, therefore, money).

3

By contrast, Keller does nothing more than allege some amorphous "loss of time and money." *See* Cplt., at ¶ 49 (Dckt. No. [11]). Unlike the situation in *Brown*, Keller offers nothing concrete about how Defendants' actions resulted in lost time and money. A vague assertion is not enough to show an injury in fact for purposes of Article III. *See Milisavljevic v. Midland Credit Mgmt., LLC*, 581 F. Supp. 3d 1020, 1027 (N.D. Ill. 2022) (finding that a plaintiff's general allegation of economic harm was insufficient for Article III standing because "unlike the plaintiff in *Brown*, [Plaintiff] does not allege that he expended time that would have otherwise gone to gainful employment (let alone 'self-employment')").

Finally, Defendants assert that at least some of the allegations in the complaint (specifically, those under section 1692c of the FDCPA) share a sufficiently close relationship with common law privacy torts to establish Article III standing. *See* Defs.' Resp. to Mtn. to Remand, at 5 (Dckt. No. [17]). But other courts in this district have rejected that argument. *See, e.g.*, *Maldonado v. Credit Control Servs.*, 2022 WL 4465838, at *4–7 (N.D. Ill. 2022); *Blaise v. Transworld Sys. Inc.*, 2022 WL 3927746, at *7–8 (N.D. Ill. 2022); *Reed v. MRS BPO, LLC*, 2022 WL 3908666, at *4 (N.D. Ill. 2022). This Court finds those decisions persuasive and comes to the same conclusion.

The complaint lacks any hook that jurisdiction can hang on. Without an injury in fact, there is no standing. Accordingly, this Court is left to remand the case to state court.

Defendants are going where they don't want to be, but there is a silver lining – Plaintiff has disclaimed the recovery of any damages that would satisfy the injury-in-fact requirement in federal court. That representation should cap any recovery in state court. A plaintiff can't disclaim it here, and claim it there. When it comes to an injury, a plaintiff cannot let the air out of the tires to get out of federal court, and then inflate the demand for damages in state court.

    Plaintiff's motion to remand is granted.

Date: October 13, 2022

Steven C. Seeger
United States District Judge